## Case No. 11,331.

### POTTER et al. v. MACK.

[3 Fish. Pat. Cas. 428.] [1]

Circuit Court, N. D. Ohio.    Sept., 1868.

APPEAL IN PATENT CAUSES—REFERENCE TO MASTER—DECREE FINDING INFRINGEMENT — PERPETUAL INJUNCTION—SUSPENSION UNTIL FINAL DECREE.

1. No appeal lies from a decree in a patent case which provides for a reference to a master to state an account, until the coming in of the master's report.

2. The practice in all of the circuits is to make a perpetual injunction part of the decree which finds the infringement.

[Cited in Consolidated Roller-Mill Co. v. Coombs, 39 Fed. 805.]

3. The injunction ought not to be suspended until the final decree, unless there be shown some special grounds of peculiar hardship to the defendant.

[Cited in Brown v. Deere, 6 Fed. 490; Munson v. New York, 19 Fed. 314; Richmond v. Atwood, 2 C. C. A. 596, 52 Fed. 21.]

In equity. This was a motion [by Orlando B. Potter, Nathaniel Wheeler, and others] to suspend an injunction and permit the defendant [William A. Mack] to give bond to keep an account until the coming in of the master's report. A bill had been filed to restrain the infringement of reissued letters patent, granted to Allen B. Wilson, for improvement in sewing machines, and referred to in numerous previous cases, particularly Potter v. Wilson [Case No. 11,342]. The defendant was manufacturing and selling the Domestic machine, using a "wheel feed," consisting of a wheel with a roughened surface, and having an intermittent motion. A preliminary injunction was asked for, but was refused, the defendant being required to give bond in the sum of $10,000 to keep an account and pay damages. Subsequently, the case came on to final hearing, and a decree was entered establishing the patents, finding infringement, granting a perpetual injunction against the defendant, and referring

it to a master to state an account of profits made by reason of the infringement. The defendant now moved to suspend the injunction until the coming of the master's report and the entry of the final decree, and tendered bond to keep an account, citing Barnard v. Gibson, 7 How. [48 U. S.] 650. He claimed that, upon appeal, the injunction would be stayed by the supersedeas, and urged the hardship of granting it pending the reference.

F. J. Dickman and S. S. Fisher, for complainants.

Ranney & Bolton, for defendant.

SWAYNE, Circuit Justice. In this case a final decree was entered at this term, enjoining the defendant from using certain principles of a certain sewing machine, covered by letters patent, upon which the bill of the plaintiff was founded.

The court decreed a perpetual injunction, and also a decree that the account should be taken. The case was referred to a master for that purpose, with a view to ascertain the amount of damages which were finally to be allowed to the plaintiff.

An application is made that this final decree shall be suspended, as it regards the injunction, until the account shall be determined upon and the decree shall be finally made upon that account, and when the defendant, for the first time, will have the right to appeal. He can not appeal from the decree as it at present stands, because, although the decision is final as to the merits of the case, it is in form an interlocutory decree only, and the rule established by the supreme court is, that an appeal can be taken only from a final decree. It has been held, in this class of cases, that a decree is not to be considered final for the purposes of appeal until after the coming in of the master's report.

I have no doubt of the power of the court to sustain this motion. Such power exists as incidental, in my judgment, to equity proceedings. There is no question, in my judgment, of the power of the court to stay a judgment at law. And it is a constant practice of the state courts and the circuit courts of the United States, where the equities between the parties require it, to make such an order.

If I had any doubt about it, the authority of Barnard v. Gibson, 7 How. [48 U. S. 650], is conclusive.

The facts of the present case are, that a bill having been filed and an injunction asked, my learned brother, the district judge of this court, knowing the difficulty and hardship which might ensue, refused to grant the injunction, and took a bond for an account. This saved the necessity of a second hearing in the case, and postponed the final determination until there was a hearing upon the proof. This course, while it was eminently beneficial to the defendant, subjected the plaintiff to no injury, because bonds were required to cover all damages that might ensue.

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

At the last January term, as my learned brother informs me, he intimated that the case, in h's opinion, was against the defendant. At the May term, he informs me, he decreed for the complainant. At the instance, as I am advised, of the defendant's counsel, his final act'on on the subject was deferred until a case pending in one of the Eastern courts should be brought to a close. The case was accordingly postponed; and at the September term of this court, 1868, an interlocutory decree was entered, and notice of the injunction has been duly given to the defendant. Now we are asked to suspend the operation of this injunction until a final decree is made from which alone the defendant can appeal.

Now, I have to remark upon this subject, that when a party obtains a decree, such as was given in this case, settling the right to an injunction in respect to the matter in controversy, the practice in all the circuits, as I have understood, is, to make the injunction a part of the decree. That is the right of the party, unquestionably, unless there be shown some special grounds of peculiar hardship to the defendant. In a case of that character, it would be proper for the court to grant some extenuation.

The question is, is this a case of that character? Is it proper to establish, as a general rule, that this power of suspending the operation of an injunction shall be exercised or withheld when a case shall have reached this stage. I say, no. I see no ground on which such a general rule should be established. It seems to me, it would be as objectionable as to hold, in every case of a judgment at law for the payment of money, that the judgment shall be stayed until the next term, or any other given time. There may be circumstances which would render that action proper, but I should not be willing to establish such a rule as general.

Again, too, as within my own knowledge, the practice in all the other courts is diverse from that now sought to be established, and I should be reluctant to strike out a new course.

Then what are the peculiar circumstances of this case? The preliminary injunction was refused, and that, too, under circumstances somewhat different from the practice of my brethren in other circuits. Their rule, as I am advised, is that upon a proper hearing, if it is thought proper that an injunction should be granted, it is granted. I prefer that there should be but one hearing, and that before a full bench and upon all the proofs. I am satisfied with that practice, and, as a general rule, will adhere to it.

At the January term last, it was intimated by the defendant that he wanted to work up his material on hand and to prepare for the injunction. At the May term, a still more decided intimation of the opinion of the court was given. A decree giving the injunction was finally entered at this term of the court. Under these circumstances I feel warranted in sustaining that part of the decree of my learned brother.

In this connection I lay no stress upon the fact, which was referred to in the argument, that like questions in some other cases have been decided in the same way by some of my brethren. That is not one of the elements under whose influence my mind has been brought to the conclusion which I have announced.

The motion must be overruled, and the decree will stand.

[For other cases involving this patent, see note to Potter v. Whitney, Case No. 11,341.].