W. J. SMITH *v.* N. W. HOLIFIELD.

[54 South. 84.]

1. CHANCERY COURT. *Interlocutory decree. Appeal. Code* 1906, *section* 35.

A decree perpetuating an injunction restraining a defendant from cutting timber of plaintiff and appointing a master to ascertain and report to the court the amount of damage sustained by plaintiff for timber already cut is an interlocutory and not a final decree.

2. SAME.   *Code* 1906, *section* 35.

In such case, if an appeal lies therefrom, it must be taken within the time and in the manner provided by Code 1906, section 35.

APPEAL from the chancery court of Jones county.
HON. SAM WHITMAN, Chancellor.

Bill for temporary injunction filed by W. W. Holifield against W. J. Smith. From a decree for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. E. Halsell,* for appellant.

I fail to see how, on the proof in this case the chancellor was warranted in finding that the injunction was rightfully sued out, or that this was a case for injunctive relief at all. After we have read all the facts in this case we think the case is controlled by the case of *North Lumber Company* v. *James H. Gary,* 83 Miss., page 640, and the decisions cited in appellee's brief.

*Hardy & Arnold,* for appellee.

In this case we first say that there is no right of appeal here for the appellant. This is not a final decree from which he can appeal. He was not allowed an appeal "to settle the principles of the case" and it is not a case where money was ordered to be paid over. The decree

from which this appeal is prosecuted is a mere interlocutory decree and section 35 of the Code of 1906 defines the only condition under which appeals from interlocutory decrees can be prosecuted. This not coming within any right given there for an appeal this court is without any jurisdiction to hear this cause. See section 35, Code 1906, and cases cited under said section in the Code.

The court of its own motion will dismiss the appeal as no right to an appeal exists. *Ward* v. *Whitfield,* 64 M. 754, 2 So. 493.

SMITH, J., delivered the opinion of the court.

Appellee, by his bill filed in the court below, sought and obtained a temporary injunction restraining appellant from cutting timber alleged to be the property of appellee, and prayed for an accounting for the value of timber previously cut. By the decree of the court below, appealed from, this injunction was made perpetual, and a master appointed to ascertain and report to the court the amount of damages sustained by appellee by reason of the cutting of his timber. This is an interlocutory and not a final decree, and consequently, if an appeal lies therefrom, it must be taken within the time and in the manner provided by section 35 of the Code of 1906. *Wilson* v. *Pugh,* 61 Miss. 449; *Barnard* v. *Gibson,* 7 How. 650, 12 L. Ed. 857; *Richmond* v. *Atwood,* 52 Fed. 10, 17 L. R. A. 615.

*This not having been done, the appeal is dismissed.*