THOMAS, Justice.
The appellants claimed damages 'because of the tortious action of the appellees in conspiring together and with other persons to injure the appellants in their business.
When the matter was heard on motions to dismiss the judge granted the motions “without prejudice to the plaintiff [sic] ,to proceed at law on a claim of breach of 1 contract.” Now we are asked to judge the merits of the complaint.
But we do not feel obliged to decide the point because the order does not appear to be a final judgment from which an appeal may be taken. The judge reserved to the plaintiffs the right to “proceed at law,” but, of course, they were already submitting their cause of action in a court of law. He indicated that their action grew out of a contract instead of a wrongful act.
Under the provisions of Common Law Rule 9, 30 F.S.A., the plaintiffs could have plead both causes of action and now, according to our interpretation of the order, they may proceed ex contractu, so the effect of the order was to allow an amendment though, evidently, the plaintiffs had not sought that privilege. Obviously, if this Court passes upon their contention that they were right in pleading tort and agrees with the view of the trial court, the trial court, and probably this Court, will eventually have to rule also on a complaint setting out a breach of contract. Much judicial labor is yet to be done and the decision we are asked to review is not, therefore, final. See Foley v. State, Fla., 50 So. *227 2d 179; and Hoskins v. Jackson Grain Co., Fla., 59 So.2d 24.
As we construe the order in the light of what has been and what may be decided, we do not find that it has the characteristics of a final judgment so the appeal is dismissed without prejudice to the positions any of the parties litigant may take if the matter reaches this Court again, properly.
TERRELL, SEBRING, HOBSON, MATHEWS and DREW, JJ., concur.
ROBERTS, C. J., dissents.