CHARLES CARROLL, Judge.
This is an appeal by the plaintiff below from a declaratory decree determining the rights of the parties under an automobile indemnity insurance policy.[1] The facts of the case, and the legal questions involved and their disposition are dis *491 closed by the decree entered by the chancellor, which was as follows:
“This Cause coming on for final hearing upon the first amended complaint and answer thereto of Prudence Mutual Casualty Company, and the court having examined the pleadings and affidavits on file, having heard the testimony of the parties and their witnesses, having examined the exhibits introduced into evidence by the parties and heard argument of counsel and having determined that the defendant, Service-First, Inc., d/b/a Service First Insurance Agency, was properly served with process and has failed to file any pleadings herein, and a Decree Pro Confesso having been entered against Service-First, Inc., d/b/a Service First Insurance Agency, and having found the following:
“(a) That, in May, 1964, the plaintiff applied to the defendant, Service-First, Inc. for a renewal of his automobile liability policy;
“(b) On or about June 3, 1964, the plaintiff paid to the defendant, Service-First, Inc., the sum of $18.00 as a down payment on said policy and executed a Premium Finance Agreement wherein Del Rio Discount Corp. agreed to pay the entire balance of the premium and to collect the same from the plaintiff in eight (8) monthly installments of $12.19 each which included a premium finance charge of $10.00 commencing July 3, 1964, an executed copy of said premium finance agreement being introduced into evidence as plaintiff’s Exhibit 1; and
“(c) That, on or about June 3, 1964, the defendant, Prudence Mutual Casualty Company, issued to plaintiff its policy No. 507130, a copy of said policy having been introduced into evidence as defendant’s Exhibit B, the original of said policy having been sent by defendant, Prudence Mutual Casualty Company, to defendant, Service-First, Inc., and thereafter having been lost or misplaced and neither original policy nor a copy thereof having been furnished plaintiff; and
“(d) The defendant, Service-First, Inc., having furnished to plaintiff on or about June 3, 1964 a Certificate of Insurance which was introduced into evidence as plaintiff’s Exhibit 3; and
“(e) On July 8, 1964, upon the request of the defendant, Service-First, Inc., the defendant, Prudence Mutual Casualty Company, mailed to the plaintiff its notice of cancellation, cancelling the policy as of July 21, 1964, a copy of said notice and a certificate of mailing having been introduced into evidence as defendant’s Exhibit A, and the plaintiff having testified that he never received such notice of cancellation; and
“(f) Payments were made to Del Rio Discount Corp. in accordance with the terms of the Premium Finance Agreement from July 3, 1964 until the amount due under said Premium Finance Agreement was fully paid in February, 1965, copies of three checks in payment of the last three (3) installments due on said Premium Finance Agreement and one (1) receipt of Del Rio Discount Corp. having been introduced into evidence as plaintiff’s Composite Exhibit 2, and plaintiff’s wife was involved in an accident while driving plaintiff’s car on November 4, 1964; and
“(g) Plaintiff’s wife gave notice to defendant, Service-First, Inc., of said accident and was told by defendant, Service-First, Inc., that she was covered at the time of said accident, and that plaintiff’s wife, having received a letter from the attorney for the other party involved in said accident on or about November 12, 1964, called and gave notice of such letter to defendant, Service-First, Inc., at which time she first learned of the cancellation of said policy, and plaintiff first learned of the cancellation of said policy when told of this by his wife on or about November 12, 1964, and defend *492 ant, Prudence Mutual Casualty Company, admitted that it was customary for them to accept oral notice of an accident to an agent such as the defendant, Service-First, Inc., in lieu of the written notice required by the terms of the policy, and
“(h) A representative of Del Rio Discount Corp. having testified that it sent a notice of payment of premium to the defendant, Prudence Mutual Casualty Company, a copy of which was introduced as part of plaintiff’s Composite Exhibit 5, which was received by defendant, Prudence Mutual Casualty Company, on July 20, 1964, and three (3) notices of intent to cancel the insurance policy in October and November, 1964 and February, 1965, copies of which were introduced into evidence as the remainder of plaintiff’s Composite Exhibit 5, and that all payments were made to Del Rio Discount Corp. so that no such cancellation was required by Del Rio Discount Corp., and
“(i) Plaintiff and defendant having stipulated to the introduction as plaintiff’s Exhibit 4 of a letter dated July 14, 1965 from the Insurance Commissioner of the State of Florida to the plaintiff to which was attached a check dated July 8, 1965 from Service-First, Inc. to the plaintiff, refunding the unearned premium due from the time of cancellation on July 21, 1964 which plaintiff testified was refused and returned to the senders when received in July, 1965.
“Upon consideration of the foregoing findings, it is
“Ordered, Adjudged and Decreed as follows:
“1. That insurance policy No. 507130 issued by the defendant, Prudence Mutual Casualty Company, to the plaintiff, Van Brinkley, was cancelled on July 21, 1965 pursuant to the notice mailed by the defendant, Prudence Mutual Casualty Company, on July 8, 1965.
“2. That the plaintiff have and recover from the defendant, Prudence Mutual Casualty Company, the unearned insurance premium due him on July 21, 1964 from the defendant, Prudence Mutual Casualty Company, the sum of $83.-41, together with interest from July 21, 1964 until paid.
“3. That plaintiff, Van Brinkley, is entitled to all damages suffered by him from the defentant, Service-First, Inc., d/b/a Service First Insurance Agency, including reasonable attorney’s fees for the defense of the action brought against him as a result of the accident of October 4, 1964 and for the prosecution of this litigation, and all other damages which would have been paid by virtue of Insurance Policy No. 507130 issued by defendant, Prudence Mutual Casualty Company, to plaintiff and cancelled at the request of Service-First, Inc., d/b/a Service First Insurance Agency, without the authority of the plaintiff, and the court reserves jurisdiction for the purpose of entering judgment for such damages against defendant, Service-First, Inc., d/b/a Service First Insurance Agency.
“4. That costs expended herein by all the parties are taxed against the defendant, Service-First, Inc., d/b/a Service First Insurance Agency, and the court reserves jurisdiction for the purpose of taxing such costs.
“5. That the court reserves jurisdiction for such other purposes as may be necessary to complete this litigation.”
The appellant contends the chancellor erred in holding that the policy was not in effect on the date of the loss, and in failing to hold that the premium finance company was the agent to the insurer and that the liability of the former, therefore, should be imposed on the latter.
On consideration of the record and briefs we reject those contentions as unsound. The chancellor’s findings contrary *493 to the appellant’s first contention have adequate support in the record, and we find no error in his conclusions of law based thereon. Regarding the contention as to agency, it does not appear that a premium finance company as defined in § 627.0990 Fla.Stat., F.S.A. has the status of agent for the insurer. Section 627.0990 of the statute contains langauge from which the contrary may he inferred.
No reversible error having been made to appear the decree appealed from is affirmed.
Affirmed.

. Though entitled a final decree, the order or decree appealed from was interlocutory, due to the reservations of jurisdiction for further proceedings necessary to fully dispose of the case. The judicial labor required in the cause was not ended. See Howard v. Ziegler, Fla.1949, 40 So.2d 776; Foley v. State ex rel. Gordon, FIa.1951, 50 So.2d 179, 186; Hoskins v. Jackson Grain Co., Fla.1952, 59 So.2d 24; Wood v. Sinclair Refining Co., Fla.1954, 73 So.2d 226.