MARTHA W. PROUT AND WILLIAM W. PROUT, HER HUS-BAND, *Appellants*, v. THE DADE COUNTY SECURITY COMPANY, A CORPORATION, *Appellee*.

1. In order to entitle defendants to have the court open a decree *pro confesso*, they must have shown both reasonable diligence and a meritorious defense.

2. The object of the statute authorizing a decree *pro confesso* was to provide a just and reasonably expeditious mode of obviating the delays and difficulties to which complainants were subjected by the neglect of defendants and their disobedience of the mandates of the court, and no construction of the statute should be indulged that would encourage defendants' in their neglect of the process of the court when duly served upon them.

3. The question of setting aside a decree *pro confesso* is address-ed to the sound discretion of the court, which will be exercised according to the circumstances of each case, but it should never be set aside when it is the consequence of the defendant's own negligence. The rule is, that motions of this character address themselves to the sound discretion of the court, and the ex-ercise of this discretion will not be interfered with by the ap-pellate court, unless there has been a gross abuse of that dis-cretion.

4. The 43rd Rule of Practice for the government of the circuit courts is as follows: "No private agreement or consent be-tween parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the

evidence thereof shall be in writing, subscribed by the party, or his attorney, against whom it is alleged. Agreements may be made in open court and noted by the judge in his minutes." When there has been a total disregard of this rule, without any reason therefor, except a conflict of statement between the parties as to whether there was or was not any verbal stipulation out of court for time to answer, there has been no abuse of discretion for the court to deny a motion to open a decree *pro confesso* for a failure to answer when required so to do.

5. By Rule 44 in equity, after the entry of an order taking a bill as confessed in default of pleading, the cause shall be proceeded in *ex parte*. After decree *pro confesso*, the defendant is not entitled to notice of future proceedings.

6. Objections to a final decree because of errors alleged to have been committed by the master examined and found to be without merit.

This case was decided by Division B.

Appeal from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*Geo. A. Worley,* for appellant;

*W. W. Erwin,* for appellee.

PARKHILL, J.—On the 22nd day of December, 1905, the appellee filed its bill of complaint against the appellants in the circuit court for Dade county for the foreclosure of a mortgage on certain lands. From a final decree rendered on the 8th day of July, 1907, the defendants appeal.

On the 1st day of January, 1906, the defendants, Martha W. and William W. Prout appeared by solicitors Price and Rand. On February 5th, the time for the

defendants to plead, answer or demur was extended to the rule day in March, 1906. On that day, the defendants, by their solicitor, G. A. Worley, filed a demurrer to the bill of complaint. On the 24th day of April, 1906, the court overruled the demurrer and allowed defendants until the June rules to answer. The defendants did not answer, and on the 16th day of June, 1906, upon affidavit and petition of W. W. Erwin, counsel for complainant, the court ordered that the bill of complaint be taken as confessed, and the entry by the clerk of a decree *pro confesso* against defendants. The affidavit and petition of counsel and the order of court directing a decree *pro confesso,* are as follows:·

"The Dade County Security Company, a corporation, Complainant.

vs.

Martha W. Prout and William W. Prout, her husband, Defendants.

Affidavit of W. W. Erwin. Motion for order. Order of Judge.

State of Florida, | ss.
County of Dade. |

W. W. Erwin, being first fully sworn, deposes and says that he is one of the solicitors of the complainant herein, that the bill of complaint herein was filed on December 22nd, 1905; that on January 1st, 1906, the defendants appeared by Price and Rand, attorneys, at Miami; that on February 5th, the court issued an order extending time to answer to the March rules; that on March 5th, 1906, the defendants, by George A. Worley, their attorney, filed a demurrer to the bill of complaint; that on March 29th, 1906, the demurrer to the bill was set down for argument on April 21st, 1906, and notice of hearing before the court at Titusville was served on George A. Worley, defendant's attorney and that on April 23rd, 1906, the court by its order overruled the demurrer to the bill, which said order was filed with the clerk on April 24th, 1906, and duly recorded in the circuit court

minutes in Book 4 on page 198. That in said order overruling demurrer, defendants were allowed until the June rules to answer. That on June 4th, 1906, the rule day in June, George A. Worley, one of the attorneys for the defendants, telephoned to affiant saying that Mr. Prout was out of the city and could not sign the answer and requested an extension of time to answer, and that affiant told said Worley by telephone that the time to answer might be extended until the 11th day of June, 1906. That no demurrer, plea, answer or other pleading has been served upon the solicitors for the complainant or filed in the office of the clerk of the circuit court since the order overruling the demurrer aforesaid. That W. W. Prout, the defendant, has been in the city of Miami since the night of the 12th of June, A. D. 1906, and further, affiant sayeth not.

W. W. Erwin.

Sworn to and subscribed before me this, the 13th day of June, A. D. 1906.

(N. P. Seal.)                  Miable L. Godson,
                                    Notary Public.

---

Now comes Patterson and Erwin, solicitors for the complainants herein, and move the court for an order that the bill herein be taken as confessed for want of plea, answer or demurrer.

Patterson & Erwin,<br>Solicitors for Complainant.

---

It appearing to the court from an examination of the records in the foregoing cause, that the defendants herein appeared in said cause by Price & Rand on January 1st, 1906, and that on March 5th, a demurrer to the bill of complaint herein was filed by George A. Worley, solicitor for the defendants, and that said

demurrer was overruled by order of the court at Titus-ville, on April 23rd, 1906, which said order overruling demurrer, extended the time to answer to the June rules, 1906, and it further appearing by the affidavit of W. W. Erwin that a verbal extension of time to answer on or before the 11th day of June, was given to George A. Worley, solicitor for the defendants, by telephone and that there has been no answer, plea or demurrer filed in said cause or served upon the solicitors for the com-plainants since the order overruling the demurrer afore-said and it further appearing by the certificate of the clerk, that there is on file in his office, no plea, answer or demurrer to the bill of complaint herein and Patterson and Erwin, solicitors for the complainant have moved the court for an order that the clerk of the circuit court of the seventh judicial circuit of Florida in and for Dade county shall enter a decree *pro confesso* herein, for want of any plea, answer or demurrer.

It is hereby ordered, adjudged and decreed that the clerk of the circuit court aforesaid forthwith enter a decree *pro confesso* in the above entitled suit and that the bill of complainant herein be taken as confessed and that the cause be proceeded with *ex parte*.

Done and ordered at Chambers at Titusville, this 16th day of June, A. D. 1906.

MINOR S. JONES, Judge.

State of Florida,
            }ss
County of Dade.

I, A. K. Dearborn, clerk of the circuit court of the seventh judicial circuit of Florida, in and for Dade county, do hereby certify that there has been no plea, answer or demurrer filed in the case of The Dade County Security Company vs. W. W. Prout and wife (Foreclos-ure of Mortgage) since the order overruling demurrer, filed in my office April 25th, A. D. 1906.

In witness whereof, I have hereunto set my hand and seal, this 13th day of June, A. D. 1906.

> A. K. DEARBORN, Clerk Circuit Court.
> By G. W. MURFITT, D. C."

The decree *pro confesso* is as follows:

> "In the Circuit Court of the Seventh Judicial Circuit, in and for Dade County, Florida, In Chancery.

Dade County Security Company  
vs.  
Martha W. Prout and husband.

The judge of the circuit court having filed herein an order directing the clerk to enter an order in the chancery order book, taking the bill of complaint as confessed by the defendants, Martha W Prout and husband, defendants in this cause, in the above entitled suit, and it appearing from the records and files of said suit that personal service by subpœna in chancery was had upon said defendants as required by law, requiring said defendant to appear to said bill of complaint on the rule day in June, A. D. 1906; and the defendants having failed to plead, answer or demur to the said bill of complaint on the rule day in June, A. D. 1906. It is therefore ordered that the said bill be taken as confessed.

Done and ordered at the clerk's office in Miami, Florida, this 20th day of June, A. D. 1906.

(Seal Ct. Ct.)  A. K. DEARBORN, Clerk Circuit Court.
> By G. W. MURFITT, D. C."

On the 20th day of July 1906, the defendants filed the following motion to set aside the decree *pro confesso*:

"In the Circuit Court of the 7th Judicial Circuit of Florida, in and for Dade county. In Chancery.

The Dade County Security Company, a corporation, Complainant,

vs.

Martha W. Prout and W. W. Prout, her husband, Defendants.

Now come the defendants by their attorney, G. A. Worley, and move the court to open up the decree *pro confesso* heretofore entered against the defendants herein, and to allow defendants to answer unto the complainant's bill of complaint, upon the following grounds and for the following reasons, to-wit:

I. Because the defendants have a good and meritorious defense to said bill, and submit herewith a copy of the answer which they wish to file in said case. Which said copy of said answer is hereto attached as part of this motion, and marked Exhibit 'A.'

II. Because defendants are and always have been desirous, ready and willing to enter their defense in said cause, and immediately upon being served with process in said cause, employed counsel to defend him, and employed as sole counsel to represent him in said cause G. A. Worley, who is a practicing lawyer in said county of Dade and located at Miami; that a demurrer was interposed, which said demurrer was by the court overruled and defendants required to answer on or before the first Monday in June, A. D. 1906. That early in the month of May the defendant was called away on business to New York state; that his call to New York state was very urgent and at the same time unexpected, and that defendant was absent and compelled to be absent from the state on business for several weeks before the rule day in June, at which time he was required to answer; that

the facts, circumstances and figures and sums necessary
to set up in said answer were peculiarly within the
knowledge of the defendant W. W. Prout, and it was
impossible for counsel to file an answer with the necessary
allegations therein without the data, which was solely
within the knowledge of the said W. W. Prout, and
which could not be had and ascertained without the
presence of the said W. W. Prout. That upon the said
rule day in June, or a few days previous thereto, defend-
ants' counsel, G. A. Worley, called up W. W. Erwin,
counsel for complainant herein, stating the above facts
to the said W. W. Erwin and asked if he, the said W. W.
Erwin, would agree for an extension of time in which
defendants might file their answer. Whereupon, the said
W. W. Erwin asked of defendants' counsel when the
said Prout would return from New York state, and
defendants' counsel stated that he did not know when, but
that he was looking for him, the said Prout on every
train; and the said Erwin asked if the said Prout would
return within ten days whereupon, the defendants' counsel
stated that he thought he surely would. Whereupon the
said Erwin agreed that he would not ask for a default
or a decree, but would permit the answer to be filed
upon the return of the said Prout. That the said Prout
did not return to the state of Florida within ten days,
as was expected by his counsel; that his said counsel was
on the 11th day of June, 1906, compelled to go to Talla-
hassee to be in attendance upon the supreme court of the
state of Florida in the business of said court; and when
the said Prout later returned to Miami his counsel was in
attendance upon the supreme court in Tallahassee; that
he went to see W. W. Erwin immediately and informed
him that he, Prout, had seen his attorney, Worley, in
Jacksonville on his way to Tallahassee and that he had
requested him to come and explain the delay and then

and there the said Erwin agreed to wait until Worley's return.    That the said counsel for defendants did not return to Miami until June 22, when this cause was taken up as soon as possible thereafter, and it was ascertained that a decree *pro confesso* had already been entered in said cause.    That the regular July term of the county court convened on the second day of July, 1906, and defendants' counsel was continually engaged in said court in the trial of cases up to and including the last day of the week, and that the stenographer of defendants' counsel was absent from his office during the entire time and that it was impossible for defendants' counsel to prepare a motion to set aside said default during that time.    That on the 9th day of July, immediately upon the adjournment of the July term of the county court defendant's counsel was again called to Tallahassee to be in attendance upon the supreme court in the argument of cases pending in said court, and did not return to his office until Monday, July 16th, and that this motion to set aside said default is made as early and with as little delay as is practicable and consistent with business and circumstances.

Wherefore, defendants pray that the decree *pro confesso* may be opened up and defendants allowed to answer herein under such penalties, as the court may see fit to impose.

G. A. WORLEY, Counsel for Defendants."

The motion was sworn to by W. W. Prout and G. A. Worley.

The defendants filed their proposed answer with the motion to set aside the decree *pro confesso*.    It is a long document and need not be set out here.

The complainants filed with the chancellor another affidavit of W. W. Erwin, their counsel, in which affiant swears "that the affidavit signed by Prout and attached

to the motion to open this decree, wherein said Prout testifies that he went to see W. W. Erwin and informed him that he, Prout, had seen his attorney, Worley, in Jacksonville on his way to Tallahassee, and he had requested him to go and explain the delay, and that then and there said Erwin agreed to wait until Worley's return, is entirely and completely untrue."

The motion to open or set aside the decree *pro confesso* having been continued by consent, was heard on the 8th day of October, 1906, and denied in the following order:

"On this 8th day of October, A. D. 1906, this motion came on to be heard and after hearing G. A. Worley, for defendants, Prout, and W. W. Erwin for the complainant, it is adjudged and decreed that the motion is denied and overruled; but leave is hereby granted the defendants to file instanter another motion and application to set aside decree *pro confesso,* granted June 26, 1906, accompanied by a more perfect answer.

MINOR S. JONES, Judge."

On the 12th day of October, 1906, the court made the following order:

"The court, having on the 8th day of October, A. D. 1906, overruled and denied the motion to set aside the decree *pro confesso* which was granted on June 26, 1906, and in said order granted leave to defendants, Prout, to file instanter another motion and application to set aside said decree *pro confesso,* to be accompanied by a more perfect answer; and the defendants on the 9th day of October, having read before the court what purported to be another motion to set aside decree *pro confesso,* accompanied by an answer, at which last mentioned time the court held that the allegations were not specifically sufficient and the said G. A. Worley stated that he would

amend the papers in that regard, took the same from the court and the hearing was continued until the 10th day of October, at one o'clock P. M. and on said 9th day of October at the time the motion and answer were presented, W. W. Erwin, solicitor for complainant, obtained leave of the court to file affidavits showing that the proposed answer was in no way meritorious and that defendants were not excused from laches, and thereafter at one o'clock P. M. on October 10th, the hearing having come on before the court at the court house in Miami, George A. Worley, appeared and refused to produce the motion and proposed answer presented on October 9th; whereupon W. W. Erwin moved the court for an order that Worley produce the motion and answer, but the court denied to make the order unless it was made in writing; whereupon leave was given said W. W. Erwin to present a motion in writing; whereupon on the 11th day of October, A. D. 1906, W. W. Erwin, solicitor for complainant, moved the court for an order directing Worley to produce said papers and on reading and filing the said motion, accompanied by an affidavit of W. W. Erwin, the court issued its order that Worley deliver to Erwin the motion and proposed answer, which was presented to the court on the 9th day of October, or that Worley show cause before the court on October 12th, at nine o'clock A. M., why such motion and answer had not been delivered. That upon October 12th, at the continuation of this hearing at nine o'clock, A. M., G. A. Worley filed his answer to the order to show cause under oath, wherein said Worley states that the original motion was again moved and exhibited before the court at the time of reading the second answer.

Whereupon it is ordered, adjudged and decreed that the application of the defendants herein made since the order denying the motion to set aside the decree *pro con-*

*fesso* on October 9th, be and the same are hereby denied and overruled.

And it is further ordered, adjudged and decreed that all of the applications made by the defendants to set aside the said decree *pro confesso* are made without any meritorious defense as fully appears by the affidavit of Edwin Nelson and the affidavits of W. W. Erwin filed herein.

It is further ordered, adjudged and decreed that F. H. Rand, Esq., be appointed master in this case to take the proofs herein and return the same to the court with his findings therein, with convenient speed.

Done and ordered in open court at Miami, this 12th day of October, A. D. 1906.

MINOR S. JONES, Judge."

On the 26th day of June, 1906, the chancellor referred this cause to H. F. Atkinson, master in chancery, to take the proofs and report with his findings thereon. On the 18th day of July, 1906, the master filed his report. On the 26th day of July, 1906, while the motion to open the decree *confesso* was pending and undisposed of, the chancellor made and rendered a final decree. On the 1st day of August, 1906, the defendants made a motion to open the final decree theretofore rendered. On the 8th day of October, 1906, the court granted the said motion and set aside, opened and vacated the final decree, because the master appointed was disqualified to act at the time of his appointment.

The first four assignments have been argued together. As interpreted by counsel, "they all relate to the ruling of the court in refusing to open the decree *pro confesso* and in deciding that the answer and proposed answer filed by the defendants, Martha W. and W. W. Prout were not meritorious answers and in deciding that the contract sued on was not usurious after hearing the

testimony in the case or after referring the same to a master."

On October 8th, the court denied the motion to open the decree *pro confesso,* but gave the defendants leave to file *instanter* another motion and application to set aside the decree *pro confesso,* accompanied by a more perfect answer. ·From what we can learn from all the motions, affidavits, etc. to be found in the transcript, the *defendants* did not make another application to open the decree *pro confesso* accompanied by a more perfect answer, either instanter or at any other time.    It seems, from the affidavit of Mr. Erwin, that on the 9th day of October, 1906, Mr. Worley presented to the court a motion and an answer, but the court thought the answer not to be sufficiently specific, and Mr. Worley asked for a continuance of the matter until the next day, and at that time, Mr. Worley appeared and declined to produce the application or the proposed answer.

Mr. Worley's affidavit recites that "he decided in the best interest of his clients to take no further steps in said cause and to file no further papers in the support of any motion to open up the decree *pro confesso."*.

It seems, however, that counsel for complainant thought it necessary to force counsel for defendants to make another application to open the decree *pro confesso* and to file a more perfect answer to the bill, in order to dispose of the motion to open the default which had been denied by the court.

Without following the tangled web into which this matter became involved, we think the court denied the application to open the decree *pro confesso* by the order made the 8th day of October, and that the defendants did not make any more meritorious application to open said decree or tender a more complete answer in support of the motion.    Therefore, we will consider whether the

court erred in denying the motion to set aside the decree *pro confesso* upon the showing made by the defendants.

On the application of defendants to open the decree *pro confesso,* in order to entitle them to success, they must have shown both reasonable diligence and a meritorious defense. The object of the statute authorizing a decree *pro confesso* was to provide a just and reasonably expeditious mode of obviating the delays and difficulties to which complainants were subjected by the neglect of defendants and their disobedience of the mandates of the court, and no construction of the statute should be indulged that would encourage defendants in their neglect of the process of the court when duly served upon them. The rule is that motions of this character address themselves to the sound discretion of the court, and the exercise of this discretion will not be interferred with by the appellate court unless there has been a gross abuse of that discretion. The question of setting aside a decree *pro confesso* is addressed to the sound discretion of the court, which will be exercised according to the circumstances of each case, but it should never be set aside when it is the consequence of the defendants own negligence. Keil v. West, 21 Fla. 508; Myers v. McGahagan, 26 Fla. 303, 8 South. Rep. 447; Taylor v. Brown, 32 Fla. 334, 13 South. Rep. 957; Russ v. Gilbert, 19 Fla. 54; Tidwell v. Witherspoon, 18 Fla. 282; Stribling v. Hart, 20 Fla. 235; Harrison v. Kramer, 3 Iowa 543.

Let us see now what excuse the defendants give for their failure to file an answer in this cause on the rule day in June. The demurrer interposed by the defendants was overruled on the 23rd day of April, and the defendants were allowed to answer on the rule day in June, the fourth day of that month. More than forty days were given the defendants within which to prepare and file their answer. Instead of preparing an answer during that time, W. W. Prout, one of the defendants, went off to

New York on business early in the month of May. It is said that the defendant's call to New York was urgent and unexpected. The duty of preparing an answer for the June rules was urgent and not unexpected. The defendant knew, before he went to New York, that his answer in this cause must be prepared and filed on the 4th day of June. He does not pretend to say that his call to New York was so urgent and unexpected that he could not have conferred with his counsel about the preparation of his answer. He does not say that he and his counsel could not have prepared the answer before he went to New York. But just because his call to New York was urgent and unexpected, he goes off and leaves undone the other very important and urgent business of preparing his answer to be filed while he was away. He seemed to have deliberately taken his choice between two important matters. We think the record shows that it would have been an easy matter for the defendant and his counsel to have prepared the answer. Counsel was not entirely uninformed in this matter. He had filed and argued a demurrer to the bill. The proposed answer offered later does not show that the defendants were in possession of so much information about the cause that they could not have communicated the same to their counsel. The proposed answer is very general and consists in large part of denials of allegations in the bill. Perhaps the defendant went to New York early in May without attending to the preparation of an answer, because he thought he could prepare his answer after his return from New York. If so he took his chances and must suffer for his procrastination. Defendant's affidavit shows that he was compelled to remain three weeks in New York, but there is no showing whatever that he did anything there towards the preparation of the answer, and it is not shown that his counsel could not have gone to New York to get the necessary data

or information from defendant for the preparation of the answer.

But it is said that counsel for complainants agreed to an extension of time for the filing of the answer. It is contended that Mr. Erwin, counsel for complainants, agreed over the phone with Mr. Worley, counsel for defendants, that he "would permit the answer to be filed upon the return of the said Prout." Mr. Erwin denies that he made any such agreement, but says that he "told Worley by telephone that the time to answer might be extended until the 11th day of June, 1906." The answer was not filed either on the 11th day of June or upon the return of the defendant Prout, and defendants claim there was another verbal extension of time for the filing of the answer. Defendants' affidavit recites: "That said Prout did not return to the state of Florida within ten days, as was expected by his counsel; that his said counsel was on the 11th day of June, 1906, compelled to go to Tallahassee to be in attendance upon the supreme court of the state of Florida in the business of said court, and when the said Prout later returned to Miami his counsel was in attendance upon the supreme court in Tallahassee; that he went to see W. W. Erwin immediately and informed him that he, Prout, had seen his attorney, Worley, in Jacksonville on his way to Tallahassee and that he had requested him to come and explain the delay, and then and there the said Erwin agreed to wait *until Worley's return*." Mr. Erwin denies that he made any such agreement. The alleged agreements by Mr. Erwin for an extension of time to answer are not evidenced to us in writing.

The 43rd rule of practice for the government of the circuit courts, published in 14th Florida, 17, is as follows: "No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence

thereof shall be in writing, subscribed by the party, or his attorney, against whom it is alleged. Agreements may be made in open court and noted by the judge in his minutes."

The instant case shows a total disregard of the rule quoted above, without any reason therefor except a conflict of statement between the defendant and his counsel and the counsel for the complainant as to whether there was or was not any verbal stipulation out of court for time to answer. Under these circumstances the supreme court of Montana held it to be an abuse of discretion for the court to grant a motion to open a default. Martin v. DeLoge, 15 Mont. 343, 39 Pac. Rep. 312. Rule 15 of the district court of Montana was practically the same as our rule 43 quoted.

In Marsh v. Lasher, 13 N. J. Eq. 253, the court said: "The rights of the complainant under the decree ought not to be disturbed, except upon more satisfactory evidence. The rule of our supreme court has long been to disregard all admissions or agreements made out of court by parties or their attorneys, in respect to the conducting of the suit, and not reduced to writing, and subscribed by the persons making it. The policy of the rule is obvious. It points to the imminent danger of making the rights of parties, in the conducting of a suit, depend upon the memory, the truthfulness, or the accuracy of an opponent whose feelings or passions are excited by self-interest and the excitement of litigation. The principle will apply with greater force against permitting a party to rid himself of a decree regularly obtained by his statement of the admission of an adversary, made months previously, resting solely in his memory."

We think this application to open and vacate the decree *pro confesso* herein is entirely without merit. No sufficient excuse is shown for defendants' failure to answer when required so to do. The defendants were not

reasonably diligent. There is a showing here of indifference and procrastination. The failure on the part of the defendants to exercise reasonable diligence in filing an answer when required to do so was sufficient to justify the court, in the exercise of its discretion, in denying the motion to vacate the decree *pro confesso*. Indeed, if the court had opened the decree *pro confesso* on the showing here made there would have been an abuse of judicial discretion for which the complainants would have had just cause to complain.

The fifth assignment of error is not argued and will be considered as abandoned.

The sixth, seventh and eighth assignments may be considered together. They predicate error upon the appointment of Frederick H. Rand as master without notice to defendants; the filing of the master's report, and the granting, rendering and entering the final decree without notice to defendants.

By rule 44 in equity, after the entry of an order taking a bill as confessed in default of pleading, "the cause shall be proceeded in *ex parte*." After decree *pro confesso,* the defendant is not entitled to notice of future proceedings. Hart Ex trix v. Stribling, 21 Fla. 136; Garvin v. Watkins, 29 Fla. 151, 10 South. Rep. 818; Lenfesty v. Coe, 34 Fla. 363, 16 South. Rep. 277; Price v. Boden, 39 Fla. 218, 22 South. Rep. 657.

It is further contended by appellants that the final decree is erroneous because the master simply recapitulated immaterial portions of the testimony without stating an account in detail. We do not think this contention is sustained by the master's report. We have examined the report carefully and it seems to set out the testimony in full—not merely immaterial portions thereof. The report seems to us to state an account in detail. It states the sums due for principal of the note and mortgage, for premiums, dues and interest, for fines, for advance for

insurance, for taxes, for interest on amount advanced for insurance, for interest on money advanced for taxes, for solicitors' fees, for court costs, for sheriff's costs, for masters fees, and then the total of all these sums.

It is contended also "that the final decree is not sustained by the testimony because the master, Frederick H. Rand, Jr. in taking testimony simply used what was known as a sworn affidavit of Edwin Nelson, as to the proposed statement of account attached to his affidavit, asking the witness if that affidavit was true." We do not think this contention is sustained. The testimony of Edwin Nelson is set out in questions and answers by the master, and these questions and answers cover six type-written pages, and go to prove the findings of the master. These questions and answers were exclusive of the affidavit of Edwin Nelson. The master handed the witness Nelson his affidavit filed October 10th before Judge Jones and the witness swore that the allegations set forth therein are true; but the master examined the witness further upon the affidavit, and the examination of the witness was directed to items found by the master in the account stated by him.

The decree is affirmed.

TAYLOR and HOCKER, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.