J. G. POWERS, *Appellant,* v. J. M. SCALES AND MABEL A. SCALES, HIS WIFE, *Appellees.*

1.  A bill in equity seeking to set aside a decree in a former suit that is brought by a party to the former suit and by one who was not a party, is not strictly a bill of review, but is a bill in the nature of a bill of review, and the performance of the original decree is not an essential to the right to maintain the suit.

2.  The statute requires the defendant in an equity suit to file his plea, demurrer or answer on the rule day next after the appearance day; and if a motion is interposed by the defendant he should procure an extension of time for filing plea, demurrer or answer, if the motion is not disposed of before the day on which the statute requires the plea, demurrer or answer to be filed.

3.  When a motion is filed by defendant at the time he should have filed a plea, demurrer or answer, and the defendant takes no steps to have the motion disposed of or to get an extension of time for filing plea, demurrer or answer, and the motion is not well founded, the action of the court in disregarding the motion and entering a decree pro confesso and final decree consequent thereon, will not be disturbed where the action is justified by the facts and circumstances shown by the transcript of the record.

This case was decided by Division A.

Appealed from the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*Singletary & Reaves,* for Appellant;

*C. C. Whitaker* and *Jas. F. Glen,* for Appellees.

WHITFIELD, C. J.—A bill in the nature of a bill of review was brought by the appellees for the purpose of securing a rehearing of a cause wherein the appellant was complainant and the appellee J. M. Scales was sole defendant in which cause a decree had been rendered against said J. M. Scales. The ground upon which the rehearing is sought is in effect that an error of law was committed in decreeing the specific performance of a contract for the sale of homestead real estate. The wife joined in the contract to sell the homestead but was not made a party to the proceedings for specific performance. She refused to join in the conveyance and joins her husband in this proceeding so that the homestead rights which were not specifically litigated in the original proceeding may be asserted and determined on a rehearing. Subpœna was duly served on the defendant Powers, and on the rule day when the defendant should have filed his plea, answer or demurrer as required by section 1896 of the General Statutes of 1906, the defendant Powers by counsel filed a motion to strike the bill from the files and to dismiss the suit because the bill does not allege performance of the original decree, does not set out a *complete* copy of the record sought to be reviewed and was filed without leave of the court. A decree pro confesso and a final decree thereon were rendered setting aside the decree in the original suit. The defendant was allowed a stated time in which to amend his bill of complaint in the original cause so as to show, if he can, an enforcable contract against the complainants. A

motion to vacate the decree pro confesso and final decree on the grounds that it was entered without notice to the defendant or his counsel, that a motion was on file, and that the defendant has a good and meritorious defense which he offered to plead as the court may direct, was overruled; and further time was allowed the defendant to file an amended bill of complaint in the original cause. The defendant appealed.

The contention here is that the final decree setting aside the decree in the original cause is erroneous because the bill in this case is a bill of review and could not be filed and entertained by the court against the objection of the defendant when the original decree has not been performed, because the question here presented was adjudicated in the original suit, and because the decree here was rendered without notice to the appellant.

This is not a bill of review brought only by parties to the original suit. Mabel A. Scales, one of the complainants, was not a party to the original bill. As to her this is in effect an original proceeding; and in view of the subject-matter of the decree there was no error in not requiring a performance of the decree by the other complainant before decreeing the equities in this cause. It is clear the question here presented as to the homestead rights of the complainants was not adjudicated in the original decree. The statute requires the defendant in an equity suit to file his plea, demurrer or answer on the rule day next after the appearance day; and if a motion is interposed by the defendant he should procure an extension of time for filing plea, demurrer or answer, if the motion is not disposed of before the day on which the statute requires the plea, demurrer or answer to be filed. The defendant took no steps to have his motion disposed of, and as it was not well founded, there was no error in disregarding the motion

and in the entry by the court of a decree pro confesso and a final decree consequent thereon.

The decree entered should not be considered as precluding any rights of the defendant in the subject-matter of the original decree. If the land is not homestead real estate it may be shown in the further proceedings allowed in the original suit.

No error is made to appear in the refusal of the court to vacate the decree pro confesso and final decree entered thereon, and the decree appealed from is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.