A. MILDRED STRICKLAND AND JAMES S. STRICKLAND, *Appellants,* v. B. W. JEWELL, *Appellee.*

Opinion Filed July 10, 1920.

1. Although the oath of defendants to the answer is expressly waived in the bill, defendants are not excused from signing the answer, without which it is not their answer, and in such case where the answer is signed only by the solicitor for defendants, it may be treated as no answer and a decree *pro confesso* entered.

2. Before a decree *pro confesso*, which has been properly entered, should be set aside on motion of defendants, they must not only show reasonable diligence, but also a meritorious defense.

3. The question of setting aside a decree *pro confesso* is addressed to the sound discretion of the court, which will be exercised according to the circumstances of each case, but it should never be set aside when it is in consequence of defendants' own negligence, and the exercise of this discretion will not be interfered with by the appellate court unless there has been a gross abuse of that discretion.

4. Where a husband signs a promissory note with his wife to aid her in obtaining a loan of money and also unites with her in the execution of a mortgage on her real property to secure the payment of the note the husband is personally liable on the note even though the wife is not so liable.

5. The maker of a promissory note for which there was a consideration will not be permitted to vary or contradict his written contract by showing a parol contemporaneous agreement that he was not to be liable upon the note.

An Appeal from the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Decree affirmed.

*H. L. Anderson,* for Appellants;

*Fleming & Fleming,* for Appellee.

Jones, Circuit Judge.—This was a suit to foreclose a mortgage in the Circuit Court of Duval County. A demurrer to the bill was overuled August 19th, and an order made requiring defendants to plead or answer on or before the following 15th of September. On September 9th, answer was filed signed only by solicitor for defendants. On September 23rd upon motion of complainant the court, treating the putative answer as a nullity, entered a decree *pro confesso* and referred the case to a special master to take and report the testimony. On September 24th motion was filed to set aside the decree *pro confesso* and for leave to amend the answer by adding thereto the signatures of the defendants on the grounds that it was not possible on account of absence to procure the signatures of defendants to the answer on or before the date fixed by the court for filing same, and that the decree *pro confesso* was entered without notice to the defendants. On September 30th the motion to set aside the decree *pro confesso*, supported by an affidavit of defendants' solicitor and an affidavit of defendant, J. S. Strickland, was heard and denied and final decree entered. Defendants appeal and assign as errors the entry of the decree *pro confesso,* the order denying the motion, and from all other orders since the entry of decree *pro confesso.*

Although the oath of defendants to the answer is expressly waived in the bill, defendants are not excused from signing the answer, without which, it is not their answer, and in such case where the answer is signed only by the solicitor for defendants it may be treated as no answer and a decree *pro confesso* entered. See City of

Ocala v. Anderson, 58 Fla. 415, 50 South. Rep. 572, and authorities there cited.

The decree *pro confesso* was properly entered, and before it should be set aside on motion of defendants they must not only show reasonable diligence, but also a meritorious defense. A showing of reasonable diligence without a meritorious defense, or a meritorious defense without reasonable diligence, is unavailing. See Keil v. West, 21 Fla. 508; Myers v. McGahagan, 26 Fla. 303, 8 South. Rep. 447; Turner v. Jones, 67 Fla. 121, 64 South. Rep. 502; Prout v. Dade County Security Co., 55 Fla. 816, 47 South. Rep. 12; Friedman v. Rehm, 43 Fla. 330, 31 South. Rep. 234.

In the affidavit of the solicitor for defendants he deposes "that affiant at the time the answer of defendants was filed herein on the 9th day of September, 1918, was preparing to leave the State of Florida to be absent for a period of about two weeks; that affiant in fact left the State of Florida before the 16th day of September, 1918, the date at which defendants were required by order of the court to file their said answer; that affiant was absent from the State of Florida until the 24th day of September, 1918, and that the absence of the defendants and the fact that affiant was compelled to be out of the State of Florida as above stated accounts for the failure of defendants to sign the answer." The affidavit of defendant, J. S. Strickland, recites "that the defendants were absent from Duval County, Florida, at the time, affiant is informed, that the answer in this case was prepared by counsel for defendants, and defendants were for this reason unable to sign the answer filed by their counsel in this cause. Affiant further says that he is informed and so states that the answer in this cause was filed by

affiant's counsel in advance of the time fixed for filing same because affiant's said counsel was preparing to leave the State of Florida, and in fact said counsel for defendants did leave the State of Florida prior to the 16th of September, 1918. Affiant further says that the absence of defendants and the fact that defendants' counself was compelled to leave the State of Florida is the reason why said answer was not signed by defendants. Affiant further says that the defendants are ready and willing to sign the answer which was filed by their said counsel if permitted by the court to do so. Affiant further says that neither affiant nor his said counsel has been guilty of any negligence in the matter of filing said answer or in the omission to sign same, but that in the circumstances above set forth it was impossible for defendants to sign said answer before the same was filed."

The affidavits are quoted at length because it is assumed that they set forth all the facts and circumstances favorable to the defendants tending to show reasonable diligence, such as to excuse them for failure to put in a proper answer and to give them the right to have the decree *pro confesso* set aside and to permit them to sign the proposed answer.

The defendants were given from the 19th day of August to and including the 15th day of September to file an answer. The only excuse offered by the solicitor for his failure to have the defendants sign the answer is that he was preparing to leave the State to be absent about two weeks, and in fact did leave the State before the last day fixed by the order of the court upon which the answer could be filed, and that the absence of defendants and himself accounts for the failure of defendants to sign the answer. It is not shown why he absented himself

from the State, nor that it was necessary for him to leave, nor the date of his departure, except that it was prior to the date fixed for filing the answer, nor that he ever made any effort to have defendants sign it, nor that he could not have procured their signatures to the answer if he had endeavored to do so.   He avers that defendants were absent, but does not show when they were absent, nor whether they were beyond the limits of the State or the Country, nor why he could not have communicated with them.   J. S. Strickland deposes that defendants were absent from Duval County at the time, he is informed, that the answer was prepared, therefore they were unable to sign it.   No reason is stated for their absence, nor is it disclosed where they were, nor why they and their solicitor could not have conferred together or communicated with each other regarding the preparation and filing their answer, nor when their absence commenced or when it terminated, but that it merely existed at the time the answer was prepared.   It is not shown there was any desire or intention on the part of defendants to sign the answer.

The question of setting aside a decree *pro confesso* is addressed to the sound discretion of the court, which will be exercised according to the circumstances of each case, but it should never be set aside where it is the consequence of the defendants' own negligence, and the exercise of this discretion will not be interfered with by the appellate court unless there has been a gross abuse of that discretion.   Prout v. Dade County Security Co., *supra.*

The affidavits submitted as proof of reasonable diligence and to excuse defendants for failure to file an answer are insufficient.   The complainant should not be deprived of his rights under the decree upon such flimsy

and unsatisfactory excuses. There was no error in deny-
ing motion to set aside the decree *pro confesso.*

This opinion could be with propriety closed at this
point without referring to the proposed answer, but it
may be well to consider the main question presented by
this propoed answer, because it is the contention of ap-
pellants that it is a good and meritorious defense for
J. S. Strickland, and as the motion to set aside the decree
*pro confesso* was filed so promptly, the next day after the
entry of the decree *pro confesso,* it should have been
granted.

This was an ordinary bill of foreclosure against the de-
fendants as husband and wife. The bill alleges that de
fendants being indebted to the complainant, executed and
delivered to him their promissory note and mortgage on
real estate the property of the wife to secure the pay-
ment of the note. The proposed answer denied that J. S.
Strickland was at any time indebted to the complainant;
it is alleged that the indebtedness evidenced by the note
was for money loaned by complainant to A. Mildred
Strickland and not to J. S. Strickland, and that the lat-
ter had no interest whatsoever in the premises covered
by the mortgage; that the wife was the owner of and was
in possession of the property and that she borrowed the
money for which the note and mortgage were given to be
used in paying off a mortgage on this same property.  It
is admitted that defendants executed the note and mort-
gage and there is no contention that the note or any part
of it had been paid, but it is alleged that J. S. Strickland
executed the note and mortgage because complainant
through his agent represented to him that in order to ef-
fect the loan to Mildred Strickland that it was necessary
for him to sign the note and mortgage with her, but that

he would not be required to repay the loan and that he would assume no obligation of any kind or nature by signing said note and mortgage, and that complainant would never demand of him payment of the note or any part of it, or any costs of suit to enforce the payment of said note, and that he relied upon said promises and representations and would not have signed the note and mortgage upon any other conditions, and defendants plead the foregoing facts as a defense to the bill and as a basis for affirmative relief, and pray for a decree releasing and acquitting J. S. Strickland of all liability on the note and mortgage.

J. S. Strickland admits that he was told by the agent of complainant that unless he signed the note and mortgage with his wife she could not procure the loan she was in need of, and that in order to assist her in acquiring this money he did join with her in the execution of the note and mortgage.

Where a husband signs a promissory note with his wife to aid her in obtaining a loan of money and also unites with her in the execution of a mortgage on real property, the title to which is in the wife, to secure the payment of the note, the husband is personally liable on the note even though the wife is not so liable. Mattair v. Card, 18 Fla. 761.

The note in question being the note of J. S. Strickland a plea or answer setting up representations by the payee to the maker that by signing it the maker would assume no obligation of any kind and that he would never be required to pay it, constitutes no defense at law or in equity in an action to enforce payment of the note. The rule is that the maker of the note for which there was a consideration will not be permitted to contradict or vary his

written contract by showing a parol contemporaneous agreement that he was not to be liable upon the note. Bacon v. Green, 36 Fla. 325, 18 South. Rep. 870.

It was said in Wright v. Remington, 12 Vroom (N. J. Law) .48, 32 Am. Rep. 180, text 184: "The weight of authority is overwhelming in favor of holding in the language of the American Editors of the Duchess of Kingston's case that 'a person who is so ill-advised as to execute a written contract in reliance upon an assurance that it shall not be literally enforced must submit to the loss if he is deceived and can not ask that a principle of great amount to the community shall be made to yield for the sake of relieving him from the consequences of his indiscretion."

The mortgage contains covenants that in the event mortgagors fail to pay taxes on the property and to keep the building insured, which they obligated to do, the mortgagee shall have the right to pay the same and to insure the building. The bill alleges that complainant is entitled to recover specified sums of money because of a breach of these covenants, also certain amounts for costs, expenses and attorney fees in the foreclosure proceedings, all of which are provided for in the mortgage. The proposed defense is a bare denial that complainant is entitled to recover amounts claimed without alleging any affirmative matter of defense. The master took testimony touching the items claimed just as if an answer had been on file and the proof amply sustains the allegations of the bill.

There being no error the final decree should be affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the Court that the decree herein be, and the same is hereby, affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.