NELLIE GRAHAM JOHNSON, A WIDOW, *Complainant*, v. ELIZABETH KIMMELL JOHNSON, INDIVIDUALLY AND AS WIDOW AND HEIR OF HOWARD VAN RENSSELAER JOHNSON, DECEASED, O. M. DEAN, I. G. ARCHIBALD, AND ELOISE ARCHIBALD, HIS WIFE, C. J. JOHNSON AND ——— JOHNSON, HIS WIFE, WALTER S. NORMAN, AND MRS. WALTER S. NORMAN, HIS WIFE, IF LIVING, AND IF DEAD, ALL PARTIES CLAIMING AN INTEREST UNDER SAID WALTER S. NORMAN AND HIS WIFE, OR EITHER OF THEM, OR OTHERWISE, AND ALL PARTIES CLAIMING INTERESTS IN THE REAL ESTATE OF SARASOTA COUNTY, FLORIDA, IN THE BILL OF COMPLAINT, DESCRIBED, *Defendants*.

ELIZABETH KIMMEL JOHNSON, STEWART F. HAMILL, C. H. ROBINSON, ADMINISTRATOR OF THE ESTATE OF FRANK HIGGINS, ANNE E. JOHNSON, MRS. ROBERTA HIGGENS, HOWARD JOHNSON, KATHERINE JOHNSON, RODERICK JOHNSON AND ELIZABETH JOHNSON, HEIRS AT LAW OF HOWARD VAN RENSSELAER JOHNSON, CRESCENT BEACH LAND COMPANY, COMPLAINANTS IN CROSS BILL, *Appellants in the Supreme Court*, v. NELLIE GRAHAM JOHN-

son, Defendant in Cross Bill, *Appellee in the Supreme Court.*

*John B. Singletary,* for Appellants;

*Burket* and *Fish,* and *Harold H. Flower,* for Appellee.

BROWN, C. J.—The appeal, motion to dismiss, which is now pending before us, was taken from an interlocutory order abrogating and setting aside a decree pro confesso which had been entered against the complainant in the original bill for failure to answer, plead or demur to the cross bill.

The cross-bill had named as parties cross-complainant therein several parties who had not been named as defendants in the original bill. Promptly after the filing of the cross-bill, the complainant filed a motion to strike the same on this and other grounds. The cross-bill prayed among other things a temporary injunction, and at the hearing on this question counsel for complainant in the original bill appeared and argued in opposition thereto. After this hearing and while the motion to strike the cross-bill was pending and undisposed of, the decree pro confesso was entered. A motion to set aside the decree pro confesso was

made by complainant in the original bill upon several grounds, among them being the pendency of the motion to strike, the existence of a meritorious defense, and the inability of solicitors for complainant to get the cross-bill or a copy thereof for inspection; that said cross-bill had been withdrawn from the court files as soon as filed by a person affiliated with the solicitor who had filed the same, and that he had failed to respond to a request for same or a copy thereof until after the expiration of time for filing pleadings thereto; that solicitors for complainant had only had an opportunity for a cursory glance at the cross-bill during the argument on the application for temporary injunction and it was from the information thus hurriedly obtained that they had been able to draft their action to strike.

It is the general rule that appeals lie only from final judgments and decrees, and where this rule is changed by statute, as has been done in this State in equity cases (section 3169, Rev. Gen. Stats. of 1920), so as to make interlocutory orders and decrees separately appealable, the scope of the statute will not be enlarged by construction. 2 R. C. L. 39.

It is also the general rule in most jurisdictions that no appeal will lie to the action of a court in the exercise of a discretionary power, such as the opening of defaults or setting aside decrees pro confesso, in the absence of a statute to the contrary, but where the discretion vested in the court is not absolute, but is a legal discretion to be exercised in accordance with established rules of law or principles of equity, it is the rule in most jurisdictions that the decision of the court is reviewable to the extent of determining whether there has been such a gross abuse of discretion affecting a substantial right of the party complaining as will call for a reversal. 3 C. J. 468; 4 C. J. 796; 2

Encyc. Pldg. & Prac. 107; 2 R. C. L. 44; Ruff v. Ga. etc. Ry. Co. 67 Fla. 224, 64 So. 782; Jefferson County v. Hawkins, 23 Fla. 223.

The setting aside of a decree pro confesso on motion or petition before the same becomes absolute should be distinguished from vacating or setting aside the final decree rendered upon the bill so taken as confessed, as provided for in section 3158 of Rev. Gen. Stats. of 1920, although many of the rules applicable to the one are applicable to the other. 21 C. J. 793. ''Courts of general equity jurisdiction possess the inherent power, and it is their duty, of their own motion, to correct or set aside any order or decree made or entered improvidently or by inadvertence of the court, unless such order or decree by the passage of time, or for some other reason, has passed beyond the control of the court. The order complained of, being an interlocutory order in an equity action, remains within the control of the chancellor, at least until the entry of final decree, in the absence of intervening and effective appellate jurisdiction.'' Mitchell v. Mason, — Fla. —, 106 So. 430; 21 C. J. 793.

It is well settled in this jurisdiction that the order of the chancellor in granting or refusing a motion to open and set aside a decree pro confesso is reviewable on appeal from the final decree, and reversible where gross abuse of discretion is shown. (Prout v. Dade County Sec. Co., 55 Fla. 816, 47 So. 12; Peoples Realty Co. v. So. Colonization Co., 78 Fla. 628, 83 So. 527; Strickland v. Jewell, 80 Fla. 221, 85 So. 670;) but the question of whether an appeal lies directly from such an order appears never to have been heretofore presented. But that the right to take such separate appeal does exist is the inevitable conclusion from the language of our statute—''any interlocutory order, decision, judgment or decree.'' etc. (Section 3169 supra).

Ordinarily, on motion to dismiss, the inquiry is limited

to ascertaining whether an appeal lies in the given case, and whether it has been regularly taken or perfected. But where an appeal is taken from a discretionary order, such as the one here involved, this court may, on proper motion to dismiss the appeal, without going into the merits of the general case, consider the question as to whether the court below was clearly and palpably acting within the bounds of its salutary discretionary power, as bearing on the question of whether there has been any abuse of the right of appeal, or whether the appeal is frivolous. Thus where it clearly appears that the interlocutory order so set aside, either by the court *sua sponte* or on motion, was improvidently or inadvertently granted, and that the court was manifestly within the exercise of its discretionary power, or performing an obvious and manifest duty, in the action taken, an appeal from such vacating order should on proper motion be dismissed. This doctrine might well be extended to cases where, though the prior action of the court was not merely inadvertent or improvident, its action was not only clearly within its discretion, but manifestly in the performance of a judicial duty. 3 C. J. 472; 4 C .J. 574. Of course, under the statute, a party has the power to sue out an appeal from the order thus made by the court within the just exercise of its discretionary power, but while the physical power to take such an appeal exists it can usually accomplish nothing but delay, as this court will only reverse the exercise of the lower courts' discretionary power where gross abuse of such discretion has occurred. In other words, where it palpably appears that there is no actual controversy before the court, or that the appeal is frivolous, the appeal may be dismissed. Knight v. West Coast Co., 44 Fla. 619.

Applying these principles to the instant case, we find that at the time the decree pro confesso was granted against the complainant for failing to plead, answer or demur to

the cross-bill, there was pending a motion to strike the cross-bill, which motion *inter alia* pointed out a fatal defect therein which alone warranted the striking thereof; viz., the so-called cross-bill names as cross-complainants therein several parties who had not been brought in as defendants in the original bill. If the complainant had answered the cross-bill, she would have waived the defect. No citation of authorities is necessary to show the correctness of this ground of the motion to strike. While a cross-bill may in proper cases bring in new parties defendant, it must, unless complainant otherwise consents, be filed by some party or parties made defendant to the original bill. This is elementary; and the cross-bill was not therefore a legal cross-bill and no decree pro confesso should have been granted thereon. It was therefore a plain judicial duty on the part of the court to set aside the decree pro confesso.

Furthermore, the allegations in the motion to strike, supported by affidavit and not denied by anything appearing in the record, as to the conduct of some one affiliated with opposing counsel as being the cause of the delay, afforded good grounds for the court's action. In so holding, we might interpolate that the distinguished counsel for appellant is not shown by the record, or the motion to dismiss, to have had any knowledge of or conection with these obstructive tactics, and the high place which he holds in the profession and in the esteem of this court convinces us that he was entirely ignorant of the same. Hence the record here affords no ground for reflection upon him.

It is the rule in civil actions in this State that where a motion to strike the declaration or for compulsory amendment thereof, not frivolous on its face, has been filed and is pending undisposed of and not waived, a judgment by default cannot be taken, unless the determination of the motion either way could not affect the right of the plaintiff

to proceed with the cause. See opinion of MR. JUSTICE ELLIS in Cobb v. Trammell, 73 Fla. 574, where this proposition is supported with irresistible logic. There is no sound reason why the same principle should not be applied to meritorious motions to strike a bill or a cross-bill in equity. Motions to strike have long been recognized as one of the forms of attacking pleadings for palpable and serious defects in form or for frivolity or impertinence, both at law and in equity, supplying at law some of the functions formerly exercised by way of special demurrer at common law, and in equity affording a useful remedy for eliminating manifestly improper pleadings which would otherwise encumber the record and confuse the issues. Busch v. Baker, 79 Fla. 83 So. 704. Especially is this true since the act of 1915, now appearing as section 3121-3123 of the Rev. Gen. Stats. of 1920, expressly recognizes such motions as a form of pleading by which to test the sufficiency of an affirmative defense when set up by way of answer or cross-bill. Furthermore, a motion to strike a cross-bill in an equity case has been recognized as a pleading of such dignity and importance as that an order denying it is appealable. Burr v. Hull, 66 Fla. 20, 63 So., 300. It follows that the decree pro confesso, entered while a meritorious motion to strike was pending was erroneously and improvidently granted.

As the court below was clearly performing its legal duty in vacating the improvidently granted decree pro confesso, and manifestly could not have properly done otherwise, and no scintilla of abuse of discretion being shown, this appeal is frivolous and should be dismissed.

We do not mean by this that this particular appeal was not taken in good faith. We realize that there has been considerable uncertainty among members of the bar, until the comparatively recent case of Cobb v. Trammel, supra,

as to whether under our statutes the pendency of a motion to strike would bar the entry of a default in civil actions, and that such uncertainty has continued with reference to equity procedure. In civil actions at law the statute (section 2619) allows the entry of default upon the failure to "plead or demur," within the required time, and in equity the statute (section 3152) allows entry of decree pro confesso upon failure to file, "plea, answer or demurrer" within the proper time. The question has been whether a motion to strike, not frivolous on its face, was a pleading of any sort within the language of the statutes. That question was settled as to actions at law in the case of Cobb v. Trammell, and it is now, probably for the first time in this jurisdiction, definitely announced that the same principles apply in equity procedure. Of course, where the motion to strike is without merit and frivolous it may be disregarded and decree pro confesso entered. Powers v. Scales 61 Fla., 717 55 So. 799. That this construction comports with the spirit, as well as the language, of the statutes, when the words used are given the broad and general meaning in which they were manifestly used, we have no doubt.

Motion to dismiss granted.

ELLIS AND STRUM, J. J. concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the Opinion.