SAMUEL T. PULLIAM AND OTHERS, APPELLANTS, *v.* EDMUND CHRISTIAN, ASSIGNEE IN BANKRUPTCY OF WILLIAM ALLEN.

A decree of the Circuit Court, setting aside a deed made by a bankrupt before his bankruptcy; directing the trustees under the deed to deliver over to the assignee in bankruptcy all the property remaining undisposed of in their hands, but without deciding how far the trustees might be liable to the assignee for the proceeds of sales previously made and paid away to the creditors; directing an account to be taken of these last-mentioned sums in order to a final decree, — is not such a final decree as can be appealed from to this court.

THIS was an appeal from the Circuit Court of the United States for Eastern Virginia.

The circumstances of the case are stated in the opinion of the court.

It was argued by *Mr. Lyons*, for the plaintiff in error, and *Mr. Brooke* and *Mr. Myers*, for the appellees.

It is not deemed necessary to insert the arguments of counsel upon the merits of the case.

*Mr. Lyons* stated the case, and argued the preliminary question of jurisdiction, as follows.

William Allen, of the city of Richmond, a merchant-tailor, being very much embarrassed in his affairs, though he believed

18*

himself solvent, on the 20th day of January, 1842, executed a conveyance to the plaintiffs, as trustee, by which he conveyed his whole property of every kind, for the purpose of satisfying his debts. The conveyance provides, for all the creditors of Allen full satisfaction of all their debts, if the assets be sufficient, but divides them into two classes, and the first is to be fully paid before the second receives any thing. The trustees took possession of the trust-subject, and proceeded to convert it into money. On the 13th of August, 1842, the said Allen filed his petition, praying to be declared a bankrupt. His petition was allowed, and on the 7th of September, 1842, he was declared a bankrupt, and on the 11th of January, 1843, he was duly discharged by the decree of the court, after due notice to all persons interested, to show cause against the discharge.

On the 23d of August, 1842, two of the creditors of Allen notified the trustees that they intended to impeach the deed under the bankrupt law, and claim an equal distribution of the funds; and on the 20th of September, 1842, Edmund Christian, the general assignee in bankruptcy in Virginia, exhibited his bill before the Circuit Court of the United States for the Eastern District of Virginia, in which he impeached the deed as fraudulent within the meaning of the bankrupt law, and prayed that it might be set aside.

The trustees and many of the creditors answered the bill, denying that the deed was made in contemplation of bankruptcy, and denying that it was embraced by the bankrupt law, or could be reached by any proceeding under it, as it was made before the law went into operation, and therefore made when there was no bankrupt law. The Circuit Court held that the deed was fraudulent within the meaning of the bankrupt law, and decreed that it should be set aside; and that the trustees should surrender the entire trust-subject in their hands to the plaintiffs, and render an account before a commissioner of the court. From this decree the appeal was taken, and the question upon the merits is, whether the word "future," in the second section of the bankrupt law, can properly be construed to embrace conveyances which were made before the law went into operation.

Before proceeding to consider this question, a word may be bestowed upon a preliminary point, which is alluded to by the counsel for the appellee in their note, but not formally made, viz. whether the appeal in this case was well taken, being, as it is said, from an interlocutory decree. It is submitted, that, on this point, there can be no difficulty. The decree may be regarded as interlocutory in one sense, that is, as being made before the cause is finally ended and removed from the docket

of the court ; but in respect to its own effect and operation the decree is a final one, because it adjudges and determines the rights of the parties to the property in controversy, and all that remains now to be done is in execution of this decree. The finality of a decree does not depend upon its termination of the whole *case*, but upon its effect in settling the principles of the cause, and adjudicating the rights of the parties to the subject in controversy. The decree in this cause performs all these functions. It settles all the principles of the cause. It adjudges the rights of all the parties, plaintiffs and defendants, to the subject, and it directs the defendants who have the subject to deliver it up to the plaintiffs. All that remains now to be done is simply in execution of that decree. A judgment is not interlocutory because execution must be made of it. The decree might have directed the assignee to distribute the fund, as soon as received from the defendants, among the creditors of Allen, or the next decree may do it, and yet not end the cause, and when the fund is distributed an appeal may be wholly unavailing, because the payees of the fund may be insolvent.

Again. Why should the parties be continued in expensive litigation in the court below, as the consequence of the decree already pronounced, if that decree be erroneous, and when no such litigation and expense will be incurred if that decree be set aside and a correct decree pronounced ?

The counsel for the appellees submitted the question of jurisdiction to the court without arguing that branch of the case.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal in chancery from the Circuit Court of the Eastern District of Virginia.

This case arises under the bankrupt law. William Allen, a merchant-tailor in Richmond, being embarrassed, conveyed his whole property to the plaintiffs, as trustees, to pay his debts. In the trust-deed he divides his creditors into two classes, the first of which was to be fully paid before the second received any thing. Shortly after this, he took the benefit of the bankrupt law. The assignee in bankruptcy filed his bill to impeach the above conveyance, as fraudulent under the bankrupt law.

In their decree, the Circuit Court ordered that the deed executed by Allen, as above stated, should be set aside. And, without deciding how far the trustees may be liable to the assignee for the sums received for the proceeds of the property, which may have been paid over by them to the creditors of

Allen before they received notice, &c., the court ordered and decreed that the trustees should deliver over the property conveyed to them which had not been disposed of, and that they render an account to one of the commissioners of the court of all the property which came to their hands, or either of them, by virtue of said deed, and of moneys paid to the creditors, &c.; which account the said commissioner is directed to state and settle, and report the same to the court, with any matters specially stated deemed pertinent by himself, or which may be required by the parties, in order to a final decree.

This decree is final only as to the trust-deed. All the matters arising under the trust are referred to a commissioner for a statement of the account, to enable the court to enter a final decree. There is no sale or change of the property ordered which can operate injuriously to the parties. Under such circumstances, the decree not being final as to the whole matter in controversy, the appeal must be dismissed.

## *Order.*

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Virginia, and was argued by counsel. On consideration whereof, and it appearing to the court here that the decree of the said Circuit Court in this cause is an interlocutory and not a final one, it is thereupon now here ordered, adjudged, and decreed by this court, that this cause be and the same is hereby dismissed for the want of jurisdiction.