Mr. Justice M’LEAN
 

 delivered the opinion of the court.
 

 This is an appeal fijom the decree, of the Circuit Court for. the Northern District of New York.
 

 The parties claim conflicting interests as assignees of Wood-worth’s patented planing-machine. The cause was submitted to the circuit judge, who decreed, that the defendants below be perpetually enjoined from any further constructing or using in any manner , the two planing-machines, &c., and the . case was referred to a master to ascertain and report the damages whieh the plaintiff, has sustained, arising from the infringement of his rights by the defendants by the use of the said two machines. The report of the master to be made in term time, or to one of the judges at chambers in vacation, and on ten days’ notice either party to move for confirmation of the report, &c. The question of costs was reserved until ' the coming in of the report, &c.
 

 A motion is made to dismiss this appeal, on the ground that the decrpe is hot final.
 

 No point is better settled in this court, than that an appeal may be prosecuted only from á final decree. The cases are
 
 *657
 
 numerous where appeals have been dismissed, because the decree of the Circuit Court was not. final. It is supposed there was a departure from this uniform course of decision, at the last term, in the case of Forgay et al.
 
 v.
 
 Conrad, 6 How. 201.
 

 In that case the court sáys, — “ The decree not only decides the title to the property in dispute, and annuls the deeds under which the defendants claim, biit also directs the property in dispute to be delivered to the .complainant, and awards execution And according to the last paragraph in the decree, the bill is retained merely for the purpose of adjusting the accounts referred to the master. In all other respects, the whole of the matters brought into controversy by the bill are finally disposed of as to all of the' defendants, and the bill as to them is no longer pending before the court.” “If these appellants, therefore, must wait until the accounts are reported by the master and confirmed by the court, they will be subjected to irreparable injury.”
 

 The decree in that case would have been executed by a sale of the property, and. the proceeds distributed among the creditors of the bankrupt, and . lost to the appellants, before the minor matters of account referred to the master could be adjusted and acted on by.the court. The course of procedure in the’ Circuit Court was irregular, and the consequent injury to the defendants would have'been irreparable. Effect should not be given to its final orders by the Circuit Court, until the matters in controversy shall be so adjusted as to make the decree final. Any other co.urse of proceeding will, in many cases, make the remedy by an appeal of no value.
 

 The decree in the case under consideration is not final, within the decisions of this court. The injunction prayed for was made perpetual, but there was a reference to a master to ascertain the . damáges by reason of the ’ infringement; the bill was not dismissed, nor was there a decree for costs. In several important particulars, this decree falls below the rule of decision in Forgay
 
 v.
 
 Conrad. The execution of the decree in that case would have inflicted on the defendant below an irreparable injury. The bill was dismissed, as to the principal matters in controversy, and there was a decree for costs.
 

 It is. said that the decree in this case, by enjoining the defendants below from the use of. their machines, destroys their value and places the defendants in a remediless condition. That in the course of a few months their right to run the machines will expire, and that no reparation can be obtained for the suspension of a right by the act of the court. It is alleged, too, that many thousands of dollars have been invested in the machinery, which by such a procedure becomes useless.
 

 
 *658
 
 The hardship stated is an unanswerable objection to the operation of the injunction, until all the matters shall-he finally adjusted. If the injunction has been inadvertently granted, the Circuit Court has power to suspend it or set it aside, until the report of the master shall be sanctioned. And unless the defendants below are in doubtful circumstances, and cannot' give bond to respond in. damages for the use of the machines, should the right of the plaintiff be finally established, we suppose that the injunction will be suspended. Such is a correct course of practice, as indicated by the decisions of this court,. and that is a,rulé of decision for the Circuit Court.
 

 The appeal is dismissed.
 

 Order.
 

 . This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Northern District of New York; and was argued ,by counsel. On consideration whereof, and it appearing to. the court here that the decree of the court below complained of is not a final decree within the meaning .of the act of Congress, it is thereupon now here ordered and decreed by this court, that this cause be and the same is hereby dismissed for the want of jurisdiction.