MATTHEW GALLAGHER, Assignee, v. RICHARD WALSH and Others.[1]

April 26, 1895.

No. 9163.

**Insolvency—Compensation of Assignee.**
> *Held,* upon the record in this case, that the district court did not err when it refused to allow an assignee in insolvency a greater sum as compensation for his services than the maximum fees prescribed by G. S. 1894, § 4253.

Appeal by Matthew Gallagher, assignee of Herman A. Westphal, insolvent, from an order of the district court for Hennepin county, Hooker and Hicks, JJ., disallowing a part of the assignee's final account. Richard Walsh and certain other creditors of the insolvent appeared at the hearing in opposition to the allowance of the account. Affirmed.

*A. D. Smith* and *M. Gallagher,* for appellant.

*Steele & Reese,* for respondents.

COLLINS, J.[2] This is an appeal by an assignee in insolvency from an order of the district court fixing his fees strictly in accordance with the provisions of G. S. 1894, § 4253. The appellant succeeded another person, who had resigned. At the solicitation of the creditors, and by an order of the court, the latter had carried on the business of the insolvent, which was cutting, storing, and selling ice, for about one year, very successfully. When the appellant was appointed, these creditors, among them the present respondents, solicited him to continue the business as his predecessor had done, and by permission of the court it was so continued for one year. The results were very disastrous, for the assets were almost entirely wiped out, although the district court was unable to find that the assignee did not use his best judgment in his management, and at all times act in good faith. Possibly there might be cases in which a court would be justified in allowing extra compensation for services rendered by an assignee in carrying on a business, instead of promptly closing it up, as is contemplated by the statute; but from

the record before us we cannot hold this to be such a case. The assignee was allowed the maximum fees, treating the amounts received while carrying on the business as from the estate, and we think the allowance should not be increased on the showing made.

Order affirmed.