THOMAS H. REEVES v. ALBERT W. HASTINGS, Receiver.[1]

June 3, 1895.

Nos. 9325—(116).

### Insolvency—Compensation of Receiver—Appeal by Insolvent.

The insolvent, where a receiver is appointed for the benefit of his creditors under the insolvency law of 1881, may appeal from an order of the court allowing the receiver for his services compensation in excess of the limit fixed by law in ordinary cases.

[1] Reported in 63 N. W. 633.

Same.

Evidence considered, and *held*, that the receiver in this case was not entitled to compensation for his services in excess of the statutory limit in ordinary cases.

Appeal by Thomas H. Reeves, insolvent, from an order of the district court for Hennepin county, Russell, J., allowing Albert W. Hastings, as receiver, the sum of $750 in addition to the sum of $564.58, as commissions upon the moneys collected by him as receiver. Modified.

*Ell Torrance*, for appellant.

*H. W. Young*, for respondent.

START, C. J.[2] The appellant was a member of the firm of E. K. Smith & Co., of whose property Albert W. Hastings was appointed receiver, under the insolvency law of 1881, upon the petition of creditors. The appellant appeared at the hearing in the district court, on the settlement of the receiver's accounts, and objected to the allowance of the sum of $750, claimed by him as extra compensation for his services as receiver in excess of the fees for such services limited by law in ordinary cases; and the appellant appeals from the order of the court allowing such extra compensation.

1. The respondent makes the point that the appellant is not an aggrieved party, and therefore cannot appeal from the order. We are of the opinion that he is entitled to prosecute the appeal, for he is one of the parties whose property was taken possession of by the court for the benefit of his creditors, and he is directly interested in a proper administration of the trust estate. If it be admitted that in no event will any of the estate be returned to him, and that all of his creditors have filed releases, still he is interested in having his property applied to the payment of his creditors, and to prevent an improper and unlawful diversion of any part of it from the purposes for which the trust was created. By just so much as is unlawfully paid to the receiver will the balance remaining unpaid on his debts be increased. He may desire to pay this balance in case he is ever able to do so; at least, as an honest man, he ought to do it;

[2] Collins, J., took no part in the decision.

and he has a right to have his creditors receive the full benefit of the trust estate, less necessary and lawful expenses and charges.

2. It is apparent from an inspection of the record that this was not an extraordinary case, so as to entitle the receiver to compensation in excess of the statutory limit, within the rule laid down in the case of In re Shotwell, 49 Minn. 170, 51 N. W. 909, and 52 N. W. 1078. The simple fact that the business was carried on at retail under the direction of the court for a time does not make it an exceptional case. As said in the case of Gallagher v. Walsh, 60 Minn. 527, 63 N. W. 108, cases may possibly arise in which the receiver or assignee ought to be allowed extra compensation for carrying on the business; but this case is not one of them, for, if the extra compensation is allowed in this case, we see no good reason why such allowance should not be made in all cases where the receiver continues the business at retail for any length of time. The case must be remanded to the district court of Hennepin county, with direction to modify the order appealed from by disallowing the sum of $750, claimed by the receiver as extra compensation.

So ordered.