## UNITED STATES HARNESS CO. v. GRAHAM et al.

(District Court, N. D. West Virginia, at Martinsburg. August 10, 1921.)

### On Motion to Dissolve Injunction.

**1. Constitutional law ⊚═══318—United States ⊚═══72—President is without power by executive order to declare void a contract made by the government.**

Under Const. Amend. 5, providing that no person shall be deprived of property without due process of law, the President is without power by an executive order to declare void a contract legally entered into between a citizen and duly authorized representatives of the government.

### On Motion to Dismiss.

**2. Equity ⊚═══359—Complainant may voluntarily dismiss suit.**

A complainant *held* entitled to dismiss the suit where the answer also asked its dismissal.

**3. Equity ⊚═══359—Cross-bill for injunction only not bar to dismissal by complainant.**

A prayer in an answer for an injunction, but asking no other relief, even if the answer be treated as a cross-bill, will not prevent dismissal of the suit by complainant.

In Equity. Suit by the United States Harness Company against W. A. Graham and others. Motion by defendants to dissolve injunction denied. Motion by complainant to dismiss suit granted.

Brown & Brown, of Charlestown, W. Va., and Frank J. Hogan, of Washington, D. C., for plaintiffs.

S. W. Walker, U. S. Atty., and H. H. Byrer, Asst. U. S. Atty., both of Martinsburg, W. Va., and Guy Goff, Asst. Atty. Gen., for defendants.

BAKER, District Judge. This is a suit instituted in the circuit court of Jefferson county by United States Harness Company against W. A. Graham, F. F. Schowden, and James R. Shepherd, Jr., alleging that on September 24, 1920, plaintiff entered into a contract with the government of the United States of America, acting by and through E. C. Morse, Director of Sales, Supply Division, General Staff, he being then and there contracting officer on behalf of the government, acting by and under the authority of the Secretary of War, for the sale of certain harness, saddles, leather, spare parts for harness and saddles, hardware and accessories, cut leather stock, etc., fully set out and enumerated in contract filed as "Exhibit A" with plaintiff's bill. And on December 9, 1920, two supplementary contracts were entered into by and between said parties, copies of which said supplementary contracts are filed as "Exhibits B and C" with plaintiff's bill, whereby certain other harness and other equipment was sold to the plaintiffs by the United States of America by and through said E. C. Morse, Director of Sales.

Pursuant to said contracts plaintiff proceeded to conduct the business covered thereby, receiving from time to time goods and property from the government at its factories at Ransom, in Jefferson county, and proceeded to remanufacture and make suitable for commercial

⊚═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
288 F.—59

and industrial purposes such parts thereof as required such remanufacture, and to sell the same to various parties at various places throughout the United States.

Complainant alleges that in conducting said business it has accounted for regularly to the government, and paid over to it, all money to which the government has been entitled under the terms of said contract, and has, in all respects and at all times, fully and completely performed its part of said contract.

Complainant further alleges that on June 14, 1921, the President of the United States signed an order declaring void the said contract, without giving it an opportunity to be heard and without assigning any sufficient reason for said action, which said order is in words and figures following:

"The White House.

"By virtue of the power vested in me, I hereby declare void, the contract of September 24, 1920, and the two contracts of December 9, 1920, between the Director of Sales of the War Department and the United States Harness Company.          [Signed]   Warren G. Harding."

That pursuant to said executive order, Hon. John W. Weeks, Secretary of War of the United States of America, issued the following order:

"July 14, 1921.

"Lt. Col. Wm. A. Graham, Judge Advocate General's Office, Washington, D. C.: You will proceed to Ransom, W. Va., at which place is located the plant of the United States Harness Company. Upon arrival at that place you in company with a representative of the Department of Justice and an officer of the Quartermaster Corps, will, in the name and by the authority of the President of the United States, demand from the United States Harness Company, immediate possession of certain property of the United States now located upon the premises of said company, being property involved in the three certain alleged contracts between the Director of Sales of the War Department and the said harness company, one being dated September 24, 1920, and two dated December 9, 1920, which said alleged contracts were on the 14th day of June, 1921, declared void by the President of the United States.

"Upon such demand the officer of the Quartermaster Corps will immediately, unless opposed by force of legal process, take physical possession of said property for and in the name of the United States, and at once remove the same from the premises of the United States Harness Company by causing the same to be loaded into trucks or other vehicles of the United States, to be furnished for that purpose.

"By direction of the President.

"[Signed]   John W. Weeks, Secretary of War."

That on the 15th day of July, 1921, the said W. A. Graham, Lt. Col. of the Judge Advocate General's Office of the United States Army, F. F. Schowden, being a Major in the Quartermaster Corps of the United States Army, and James R. Shepherd, Jr., being an employee and representative of the Department of Justice of the United States government, accompanied by numerous soldiers, arrived at complainant's factory at Ransom and entered, unlawfully, upon the property of complainant, and announced that they would proceed to enter upon complainant's property and all parts thereof against its protest, and proceeded to take possession of and move away property and goods of great value, which complainant alleged it had lawfully in

its possession under said contract with the United States government, and which was delivered to it by the United States government in pursuance to said contracts, and which complainant had stored on its premises awaiting remanufacture or sale in its present condition, in pursuance to said contracts.

That said representatives of the United States government, and soldiers under their orders, unlawfully entered upon complainant's premises and threatened to, and actually did, take possession of said property and goods and interfered with complainant's business in all other respects, bringing unfair disrepute upon its good name and destroying the good will of its customers, all which was irreparable loss and injury to complainant.

That complainant protested against the action of said defendants and ordered them off its premises, but said defendants, by virtue of the force of armed men, disregarded complainant's protests and order.

Complainant further alleges that it is advised and believes that the order of the President of the United States aforesaid, dated June 14, 1921, was made without constitutional authority on the part of the President and is illegal and void; that the United States government is bound by said contracts and cannot avoid or evade the same without depriving complainant of its vested rights under the Constitution and laws of the United States.

Complainant prays that an injunction be issued at once against the said defendants, restraining and prohibiting them, either themselves or any soldiers or agents acting under their orders, from entering upon its premises and from remaining thereon, and restraining and preventing them from interfering with, taking possession of any property upon complainant's premises, or in its lawful possession, and further restraining and prohibiting them from retaining or removing beyond the limits of Jefferson county any such property which they already had removed from complainant's premises, and for such further and general relief as to equity shall seem meet.

On July 15, 1921, J. M. Woods, Esq., judge of the circuit court of Jefferson county, W. Va., granted the injunction as prayed for in said bill and enjoined and prohibited, until further order of the court, W. A. Graham, F. F. Schowden, and James R. Shepherd, Jr., either themselves or by soldiers or agents or employees acting for or under them, from entering upon the premises of said United States Harness Company in said Jefferson county and from interfering with or taking possession of any property on said premises or elsewhere in the possession of the United States Harness Company, and from remaining upon said premises, and from retaining possession or removing outside the limits of Jefferson county any property already taken from said United States Harness Company before the service of said order.

Said injunction order further provided that before it should be effective, plaintiff should give bond before the clerk of the circuit court of Jefferson county in the sum of $2,500, conditioned according to law, with security to be approved by the clerk. Bond was immediately given as provided by said order, and said injunction order was served upon F. F. Schowden and James R. Shepherd, Jr., by delivering to each of them in person, in Jefferson county, a true copy thereof

on July 15, 1921, at 4 o'clock p. m.; the said W. A. Graham not being found in said county.

On July 21, 1921, the United States of America, through Stuart W. Walker, District Attorney for the Northern District of West Virginia, served notice on the complainant United States Harness Company that on the 23d day of July he would move the judge of the circuit court of Jefferson county, in vacation, for an order removing said cause to the District Court of the United States for the Northern District of West Virginia.

On July 23, 1921, petition for removal was regularly filed and motion made for removal of said cause to the United States District Court for the Northern District of West Virginia, copy of President's order being filed with said petition for removal, marked "Exhibit A," and copy of order of Hon. John W. Weeks, Secretary of War, direced to Lt. Col. W. A. Graham, dated July 14, 1921, was duly filed with said petition, marked "Exhibit No. 2."

Upon consideration of said petition and motion, the circuit court of Jefferson county entered an order removing said cause to the District Court of the United States for the Northern District of West Virginia.

On July 27, 1921, Stuart W. Walker, Esq., United States Attorney for the Northern District of West Virginia, and as such attorney for the defendants, served notice upon complainant that on the 2d day of August, 1921, at 10 o'clock a. m. or soon thereafter, he would move the judge of the United States District Court for the Northern District of West Virginia, at the government courtroom in Martinsburg, W. Va., to dissolve the injunction previously entered in the cause of the United States Harness Company against W. A. Graham and others, and to dismiss said cause, for the reason that said suit is in effect one against the United States and involves the property rights of the United States, and for other reasons apparent upon the face of the bill and exhibits therewith filed.

On August 2, 1921, at the government building in Martinsburg, pursuant to said notice motion was made by W. A. Graham, F. F. Schowden, and James R. Shepherd, Jr., defendants by Stuart W. Walker, United States Attorney, and as such attorney for defendants, to dismiss this cause for the reason that the averments of the bill do not constitute such facts as show a valid cause in equity and for the following reasons:

(1) It plainly appears from the bill and exhibits filed therewith that this suit is one involving substantial property rights and interests of the United States government, and therefore while nominally a suit against the individual defendants, is in fact one against the United States.

(2) That the same is prosecuted without the consent of the United States.

(3) There is no allegation of fact in the bill sufficient to constitute a cause of action against the United States.

(4) The bill is one for an injunction only and no other relief is specifically prayed for in the bill.

(5) The suit is a subterfuge as one against the defendants individually in an effort to give jurisdiction to this court, which would not have jurisdiction of the suit if it were instituted directly against the government.

(6) This court is wholly without jurisdiction to entertain the suit.

Said motion was exhaustively argued by counsel for both plaintiff and defendants, and briefs filed.

## On Motion to Dissolve Injunction.

[1] Upon considering the matters thus far involved in this suit, I am confronted with article 5 of the amendments to the Constitution of the United States, wherein it states:

"No person shall * * * be deprived of life, liberty, or property, without due process of law. * * * "

In construing the meaning and extent of protection under this provision of the Constitution against action without due process of law, it has always been recognized that one who has acquired rights by administrative or judicial proceedings cannot be deprived of them without notice and opportunity to be heard.

The right to be heard before property is taken or rights or privileges withdrawn, which have been previously legally awarded, is of the essence of due process of law.

It is unnecessary to recite the decisions in which this principle has been repeatedly recognized.

It is enough to say that its binding obligation has never been questioned by the highest court in our land.

Note the President's order:

"By virtue of the power vested in me, I hereby declare void the contract of September 24, 1920, and the two contracts of December 9, 1920, between the Director of Sales of the War Department and the United States Harness Company. [Signed] Warren G. Harding."

Also note the language of the order executed by John W. Weeks, Secretary of War, directed to Lt. Col. Wm. A. Graham, Judge Advocate:

"You will proceed to Ransom, W. Va., at which place is located the plant of the United States Harness Company. Upon arrival at that place, you, in company with a representative of the Department of Justice and an officer of the Quartermaster Corps, will in the name and by the authority of the President of the United States, demand from the United States Harness Company immediate possession of certain property of the United States now located upon the premises of said company, being property involved in the three certain alleged contracts between the Director of Sales of the War Department, and the said harness company, one being dated September 24, 1920, and two dated December 9, 1920, which said alleged contracts were, on the 14th day of June, 1921, declared void by the President of the United States.

"Upon such demand the officer of the Quartermaster Corps will immediately, unless opposed by force of legal process, take physical possession of said property for and in the name of the United States, and at once remove the same from the premises of the United States Harness Company by causing the same to be loaded into trucks or other vehicles of the United States, to be furnished for that purpose.

"By direction of the President.

"[Signed] John W. Weeks, Secy. of War."

There is no man in all this land, in my opinion, who would more graciously accord to a citizen the right to question, in good faith, the authority of any of his acts, more quickly than President Warren G. Harding. There is no man who would be slower than the President to deny the right of the citizen to seek the protection of courts against an unlawful invasion of property, even though that invasion was founded upon his own edict. Neither would he criticize any citizen for respectfully, but nevertheless firmly, refusing to bow to the mandate of an unconstitutional or illegal order even though it bore his signature.

"By virtue of the power vested in me, I hereby declare void the contract of September 24, 1920, and the two contracts of December 9, 1920, between the Director of Sales of the War Department and the United States Harness Company." Is that order a usurpation of that power which is reposed under our government only in the judicial branch, and never constitutional in the executive branch?

Is the citizen to be denied his right of intervention and protection from the judiciary *solely* because the President has signed a paper that would strike down the *claimed* vested legal property rights of a citizen?

Can contracts *alleged* to have been legally entered into between citizens and duly authorized representatives of the government be declared void by the President without resort to the judiciary and an opportunity being given those *claiming vested rights* thereunder to be heard?

I do not think so.

The motion to dissolve the injunction and dismiss this suit must be overruled, under the present state of the pleadings.

### On Motion to Dismiss.

The court refused to dissolve the injunction upon the former hearing for that purpose.

The case now comes on to be heard and determined upon the motion of the plaintiff to dismiss its suit: First, because it contends it has the right at any time to dismiss its own suit; second, because the questions involved are moot.

Affidavits have been filed by both plaintiff and the defendants touching upon the question of alleged-fraud, but the court does not deem it necessary to go into the facts established by these affidavits for the reason that, as viewed by the court, they are not pertinent at this time.

Points that justify the court in dismissing plaintiff's suit:

(1) Plaintiff itself asks to have its suit dismissed.

[2] (2) Answer of defendants pray that the bill be dismissed.

(3) The property involved was sold in the regular course of business pending the suit.

There is no evidence of fraud in such sales, and hence, the questions involved in the suit are moot.

[3] 4. It is contended by the defendants that the suit should be retained under the prayer found in paragraph 38 of defendants' answer, but this could not be done for the reason that under that prayer

no relief is sought except to enjoin the plaintiff from interfering with the defendants in removing the property involved in the suit. Hence, if the answer could be treated as a cross-bill, it would fail as such because it must be considered solely, if at all, as a bill for an injunction, and equity will not entertain solely for an injunction when no other equitable relief is sought.

Therefore it would follow that this prayer of the answer would not prevent the plaintiff from dismissing its suit.

My conclusions do not preclude the government from the institution of any proper suit in law or equity praying for the cancellation of the contracts upon the ground of fraud, as contended by the defendants; for the appointment of a receiver; for the recovery of damages growing out of any fraud, if there were such; and for other legal or equitable relief.

I am disposed to believe that such a suit instituted pursuant to the President's order in the inception of this proceeding, coupled with a prayer for an injunction to restrain the removal or sale of the property involved and the appointment of a receiver to preserve the property until the questions involved could have been settled, would have been proper.

But this is not such a proceeding, and I am bound by the limitations of the pleadings in this cause.

Therefore it naturally follows that the plaintiff will be permitted to dismiss this suit at its costs, and defendants' cross-suit be dismissed.