THEO. HIRSCH COMPANY, A FLORIDA CORPORATION, AND McDONALD FURNITURE COMPANY, A FLORIDA CORPORA-TION, *Appellants*, v. PAUL R. SCOTT, AS RECEIVER FOR McDONALD FURNITURE COMPANY, A FLORIDA CORPORA-TION, *Appellee*.

Opinion Filed April 4, 1924.

This case was decided by Division A.

1.  Interlocutory orders or decrees are such as are given in the middle of a cause, upon some plea, proceeding, or default which is only intermediate, and does not finally determine or complete the suit.

2.  An appeal may be taken upon matters arising after a final appealable judgment or decree which require the judicial action of the court in relation to the rights litigated in the main suit making necessary a substantive and important order or decree, and such order or decree partakes of the nature of a final decision of those rights.

3.  Where after a final decree adjudicating the rights between the parties to the suit and the principal subject of litigation, a subsequent decree disposing of other matters arising after the final decree which required judicial action, may be re-viewed on appeal.

4. Where a proceeding in an original action is a distinct proceeding in itself, and collaterial to the main action, an 'order made in reference to that proceeding is a final one as to that matter that may be appealed from.

5. In a receivership, matter the debtor who is a party to the main suit, has an interest in seeing that the proceeds of his property are properly applied to the extinguishment 'of his debt as far as possible, and any amount taken from the assets, which should be distributed among his creditors, prevents the reduction of his indebtedness to that extent, and he has an interest in the conservation and distribution of the assets which gives him an appealable interest in 'orders or decrees that divert these assets to other purposes.

6. A receiver, although not a party to the original suit, may be made a party to an appeal from an order fixing his compensation as receiver, and he may be named as the only appellee.

7. Persons incidentally interested in some branch of a cause are allowed to intervene for the purpose of protecting their interests, and may appeal or be brought into court on appeal, when a final decision of their right or claim has been made by the court below.

A motion to dismiss the appeal.

Motion denied.

*Evans & Mershon* and *Shutts & Bowen,* for Appellants;

*Robert H. Anderson* and *Paul R. Scott,* for Appellee.

BROWNE, J.—This is a motion by Paul R. Scott, Receiver for the McDonald Furniture Company, to dismiss an appeal entered by the Theo. Hirsch Company and the McDonald Furniture Company, jointly and severally, from certain orders and decrees, that will be stated hereafter.

The Theo. Hirsch Company brought a bill in equity against the McDonald Furniture Company for accounting, for the appointment of receiver, and an injunction. Paul R. Scott was appointed receiver and took over the control and management of the property.

On March 28, 1923, a consent decree was entered adjudicating the rights of the parties to the suit, but giving the complainant "leave to file with the receiver his proof of any additional claim he may have against said defendant," and ordering the receiver to make distribution of the assets of the estate, and to liquidate, settle and wind up the affairs of the estate, "making to the Court, from time to time reports of his acts and doings in the premises under the final decree."

On the 2nd of May, after due notice, a petition was filed, by the receiver, Paul R. Scott, asking the Circuit Judge to fix the amount of compensation to be allowed him and his attorney. On May 14th, before the hearing of this petition, there was filed a suggestion of the disqualification of Judge H. F. Atkinson under the provisions of Section 2674, Revised General Statutes, 1920, and the receiver on the same day gave notice of his intention to call up his petition before Hon. E. C. Davis, Judge of the Fifteenth Judicial Circuit of Florida, on the 16th day of May, 1923.

On May 16th, Judge H. F. Atkinson entered an order in which, among other things, he "decreed that the said application for disqualification of Honorable H. F. Atkinosn, Judge of the Circuit Court of the Eleventh Judicial Circuit of the State of Florida, in and for Dade County, Florida, be and the same is hereby denied and overruled."

On the 17th of May, an order and decree signed by E. C. Davis, Judge of the Circuit Court of the Fifteenth Circuit, was filed and recorded in the chancery order book

of the Circuit Court of Dade County, in which it was considered, ordered, adjudged and decreed that Judge H. F. Atkinson was disqualified to hear the application by reason of his prejudice against Paul R. Scott, and awarded and allowed Scott the sum of $15,000.00 for his compensation as receiver.

On the 19th of May, the McDonald Furniture Company filed its answer to the petition of Paul R. Scott, and protested against allowing him anything for his services as receiver in excess of nominal compensation.

Subsequently the Theo. Hirsch Company filed a petition before Judge E. C. Davis, praying that he cancel and set aside the order entered by him on May 16, 1923, whereby the compensation of Paul R. Scott was fixed by him at fifteen thousand dollars. This was denied, but petitioner allowed to apply for a modification of the order if he so desired, and given until January 7th to present. evidence in support thereof.

On August 30th another motion was made to set aside the order made by Judge Davis of the Fifteenth Circuit, granting compensation to the receiver. It was not addressed to any Circuit Judge, but in view of subsequent proceedings we can assume it was to be presented to Judge Mitchell D. Price, one of the Judges of the Eleventh Judicial Circuit.

On September 7th there was a suggestion of the disqualification of Judge Price, because before becoming Circuit Judge he made an affidavit as to the value of the professional services of E. B. Kurtz, attorney for the receiver. The suggestion of his disqualification was denied by Judge Price on the grounds that the question raised by the motion, related only to the "jurisdiction of the Honorable E. C. Davis over the subject matter embraced in his order."

On the 6th of September, Judge Price entered an order overruling and denying the motion to set aside the order made by Judge Davis, granting compensation to the receiver and to the attorney for the receiver in so far as it fixed the compensation of Paul R. Scott, the receiver, and granted the motion to the extent that it fixed the compensation of E. B. Kurtz, attorney for the receiver.

From the order of Judge E. C. Davis, fixing the compensation of Paul R. Scott as receiver, and from the order of Judge E. C. Davis denying the petition to set aside and vacate his order of that date, and from the order of Judge Mitchell D. Price denying the motion to set aside and vacate the order of Judge E. C. Davis made May 16, 1923, fixing the compensation of Paul R. Scott, receiver, this appeal is taken.

The first, second, third and fourth grounds of the motion to dismiss the appeal, will be discussed together, as they involve the right to appeal from orders or decrees made subsequent to the decree adjudicating the rights of the original parties to the suit.

As a general rule an appeal or other proceeding for review, will not lie from an interlocutory order or decree unless specially permitted by statute or constitutional provision, and in the absence of such provision, in order that there may be a review on appeal, a final judgment, order or decree must have been rendered in the cause. 3 C. J. pp. 432 and 433, and cases cited.

Section 3169, Revised General Statutes of Florida, 1920, allows appeals from interlocutory orders and decrees.

Interlocutory orders or decrees are defined by Blackstone as ''such as are given in the middle of a cause, upon some plea, proceeding, or default which is only intermediate, and does not finally determine or complete the suit.'' 3 Blackstone's Commentaries, 396.   See Crockett

v. Crockett, 132 Iowa 388, 106 N. W. Rep. 944; Reed v. Reed, 9 Cal. App. 748, 100 Pac. Rep. 897; Elliott v. Mayfield, 3 Ala. 223; State *ex rel.* Potter v. Riley, 219 Mo. 667, 118 S. W. Rep. 647; Miller v. Crawford, 140 Mo. App. 711, 126 S. W. Rep. 984.

It is contended that this appeal not being from an interlocutory order or decree, nor from the consent decree entered on the 28th of March which determined the equities and adjudicated the matters in controversy between the parties to the main suit, it cannot be entertained by this court, and should be dismissed.

The controlling rule with regard to this appeal is thus stated in Corpus Juris: "As a general rule, however, even in the absence of special statutory provisions, an appeal may be taken upon matters arising after a final appealable judgment or decree which require the judicial action of the court in relation to the rights litigated in the main suit making necessary a substantive and important order or decree, when such order or decree partakes of the nature of a final decision of those rights. But the appeal must be prosecuted on some new and distinct ground not covered by the original judgment or decree; and it has been held that on such an appeal only matters arising subsequent to the final judgment or decree can be reviewed." 3 C. J. 518.

The consent decree provided for the continuance of the receiver in his office, and the performance of certain duties in connection therewith. He was still subject to the jurisdiction of the court, and liable to its orders, and while the decree was final as to the rights adjudicated between the parties to the suit and of the principal subject of the litigation, it left other important matters requiring the judicial action of the court in relation to the same property, unsettled and undetermined, and the rule seems to

be that where such is the case, that rights affected by orders or decrees, made subsequent to the decree determining the rights of the original litigants may be reviewed on appeal.

Such is the rule in the United States Courts, notwithstanding the Act of Congress allows appeals only from final decrees.

In the case of Farmers' Loan & Trust Company, Petitioner, 129 U. S. 206, 9 Sup. Ct. Rep. 265, the court said: "But the doctrine that, after a decree which disposes of a principal subject of litigation and settles the rights of the parties in regard to that matter, there may subsequently arise important matters requiring the judicial action of the court in relation to the same property and some of the same rights litigated in the main suit, making necessary substantive and important orders and decrees in which the most material rights of the parties may be passed upon by the court, and which, when they partake of the nature of final decisions of those rights, may be appealed from, is well established by the decisions of this court.    Blossom v. Milwaukee, etc. Railroad Co., 1 Wall. 655; Forgay v. Conrad, 6 How. 201; Fosdick v. Schall, 99 U. S. 235; Williams v. Morgan, 111 U. S. 684; Burnham v. Bowen, 111 U. S. 776.

"The question in such cases is not whether the order complained of is of a character decisive of questions that the parties are entitled to have reviewed in the Appellate Court, but whether the order or decree is of that final nature which alone can be brought to this court on appeal. It is upon this ground mainly that the right of appeal is resisted in the present case; but we are of opinion that, within the true principles which establish the finality of a decree of the Circuit Court in reference to the allowance of an appeal, this order is a final decree."

Even in jurisdictions, which, unlike Florida, do not permit an appeal from interlocutory orders or decrees, it is held that where a proceeding in an original action is a distinct proceeding in itself, and collateral to the main action that an order made in reference to that proceeding is a final one that may be appealed from. Cassatt v. Mitchell Coal & Coke Co., 150 Fed. Rep. 32.

This question was before the Supreme Court of the United States, in the case of Trustees Internal Improvement Fund of Florida v. Greenough, 105 U. S. 527, 26 L. Ed. 1157, where it was held. "The first question, however, is, whether these orders do or do not amount to a final decree, upon which an appeal lies to this court. They are, certainly, a final determination of the particular matter arising upon the complainant's petition for allowances, and direct the payment of money out of the fund in the hands of the receiver. Though incidental to the cause, the inquiry was a collateral one, having a distinct and independent character, and received a final decision. The administration of the fund for the benefit of the bondholders may continue in the court for a long time to come, dividends being made from time to time in payment of coupons still unsatisfied. The case is a peculiar one, it is true; but, under all the circumstances, we think that the proceeding may be regarded as so far independent as to make the decision substantially a final decree for the purposes of an appeal."

In Thompson v. Huron Lumber Co., 5 Wash. 527, 32 Pac. Rep. 536, it was said: "The motion to dismiss the appeal is based upon the ground that this court has no jurisdiction of the matter appealed from, because the order fixing the compensation of the receiver in said action is not a final judgment, order or decree from which an appeal lies to this court, and because the fixing of the com-

pensation of the receiver is a matter entirely within the discretion of the court by which he was appointed. While this is a proceeding in the original action, yet we are of the opinion that it is a distinct proceeding in itself, and that the order made with reference to the compensation of the receiver is a final one in so far as the amount allowed is involved. This precise point was decided in the case of Trustees v. Greenough, 105 U. S. 527, in which such an allowance was held a final determination of a particular matter, and though it was incidental to the cause, that the enquiry was a collateral one, having a distinct and independent character, and was held to be appealable.''

The orders and decrees here appealed from were made and entered upon matters that arose after the judgment or decree entered on March 28th adjudicating the rights of the parties to that suit, and partake of the nature of final decrees as to the rights adjudicated in those orders and decrees. They are so far independent of the decree in the main case as to make them substantially final decrees for the purpose of appeal.

In relation to the finality of the decrees appealed from, what was said by the Supreme Court of Ohio, in a similar contention, is pertinent.

''If it were to be held that the order in question is not a final order from which appeal will lie * * * then we are making this very order final, conclusive and forever binding by the very act of holding that it is not final.'' Thompson v. Denton, 95 Ohio St. 333, 116 N. E. Rep. 452.

The fifth and sixth grounds of the motion to dismiss, in so far as they question the right to appeal from a consent decree, are sound as abstract propositions, but the appeals now sought to be dismissed are not from any matters adjudicated by the consent decree.

Under these grounds the appellee contends that the principal creditor, the complainant in the main suit, having dismissed its appeal, the only appellant before the court is, the defendant in the main suit, and that he cannot possibly be injured by the amount allowed to the receiver, and this appeal should be dismissed.

The defendant in the main suit being the debtor, has an interest in seeing that the proceeds of his property are properly applied to the extinguishment of his debt as far as possible, and any amount taken from the assets which should be distributed among his creditors, prevents the reduction of his indebtedness to that extent.   A debtor is or should be deeply interested in paying his debts so far as his assets will permit, and is interested in seeing that these assets are not improperly diverted.   We think, therefore, that his interest in the conservation and distribution of the assets, gives him an appealable interest in orders or decrees that divert these assets to other purposes.

Upon this subject what was said by the court in Reeves v. Hastings, 61 Minn. 254, 63 N. W. Rep. 633, is pertinent: "The respondent makes the point that the appellant is not an aggrieved party, and therefore cannot appeal from the order.   We are of the opinion that he is entitled to prosecute the appeal, for he is one of the parties whose property was taken possession of by the court for the benefit of his creditors, and he is directly interested in a proper administration of the trust estate. If it be admitted that in no event will any of the estate be returned to him, and that all of his creditors have filed releases, still he is interested in having his property applied to the payment of his creditors, and to prevent an improper and unlawful diversion of any part of it from the purposes for which the trust was created.   By just so much as is unlawfully paid to the receiver will the balance

remaining unpaid on his debts be increased. He may desire to pay this balance in case he is ever able to do so; at least, as an honest man, he ought to do it; and he has a right to have his creditors receive the full benefit of the trust estate, less necessary and lawful expenses and charges.''

It is contended in the seventh and eighth grounds of the motion, that because the complainant below who was one of the appellants, has caused the appeal to be dismissed as to itself, this appeal should be dismissed.

The appeal complained of is joint and several, and the dismissal by the Theo. Hirsch Company cannot affect the right of the McDonald Furniture Company to maintain its appeal. The Theo Hirsch Company having by the consent decree, received all it claimed, is not interested in the application of the assets, and is not affected by their depletion by the decree allowing compensation to the receiver.

Grounds nine, ten and eleven complain of the form in which the appeal was taken. The form of the appeal in this case has received the sanction of this court, as well as being supported by those of other jurisdictions.

The case of Hazen v. Stevens, 60 Fla. 460, 53 South. Rep. 716, grew out of a bill brought by May Hazen against Smithie Stebbins, H. H. Stebbins, Lydia Hazen, Daniel Hazen and Edward S. Hazen, for a receiver to take charge of and manage an orange grove.

C. W. Stevens was appointed receiver, and from an order of the court fixing his compensation, the complainant may Hazen and two of the defendants took an appeal and named C. W. Stevens the receiver, as the only appellee.

If, as contended by the appellee, that in making Paul R. Scott the Appellee, ''the appellants have undertaken

to bring before this court a suit that in fact had no existence,'' it would be jurisdictional.

The appeal in Hazen v. Stevens case, *supra*, was taken in the same way—the original complainant and two of the defendants were made appellants and the receiver, Stevens, was made appellee.

If the contention of the appellee is sound, this court *sua sponte* would have dismissed the appeal. Instead of that, it entertained the appeal, and decided its merits.

The rule is settled in the Supreme Court of the United States that persons incidentally interested in some branch of a cause are allowed to intervene for the purpose of protecting their interests, and to go into that court or be brought there on appeal when a final decision of their right or claim has been made by the court below. Williams v. Morgan, 111 U. S. 684, 4 Sup. Ct. Rep. 638. In that case the court cited several others where this practice was allowed. ''We refer to the cases of Blossom v. Milwaukee Railroad, 1 Wall. 655, where a purchaser at a foreclosure sale was admitted to appeal; Minnesota Company v. St. Paul Company, 2 Wall. 609, 634, to the same effect; Hinckley v. Gilman, Clinton & Springfield Railroad, 94 U. S. 467, where a receiver was allowed to appeal from a decree against him to pay a sum of money in the cause in which he was appointed receiver; Sage v. Railroad Company, 96 U. S. 712, where parties interested were allowed to appeal from an order confirming a sale; Trustees v. Greenough, 105 U. S. 527, where an appeal from an order for allowance of costs and expenses to a complainant suing on behalf of a trust fund, was sustained, and Hovey v. McDonald, 109 U. S. 150, where an appeal was allowed to be brought against a receiver from an order made in his favor. Williams v. Morgan, *supra*.

For the reasons stated, the motion to dismiss the appeal is denied.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.