Richard L. Heverle, *Appellant*, v. E. L. Rasmussen, Hazel Rasmussen, joined by her husband, E. L. Rasmussen, and Marian A. McAdow, *Appellees*.

137 So. 259.

Division B.

Opinion filed October 14, 1931.

*Henderson & Franklin*, of Fort Myers, for Appellant;
*J. Bowers Campbell*, of Fort Myers, for Appellee.

DAVIS, J.—In the court below appellant filed a bill of complaint against the appellees seeking to enforce a trust in real estate and asking for an accounting. The bill prays for an injunction and discovery and for such other and further relief as might be appropriate. The defendants answered the bill and denied the substance of its allegations. The suit was begun on July 6, 1925, and on March 4, 1929, the Court entered an order finding that the equities of the cause were with the complainant and decreeing that the defendants Hazel Rasmussen and E. L. Rasmussen held in trust for the complainants the property described in the bill of complaint which formed the subject of the suit. The decree ordered an accounting to be taken between complainant and defendants with reference to the property and referred the cause to a master for that purpose. On January 14, 1931, appellant filed his petition and motion to dismiss the suit. No request was contained that the dismissal be without prejudice, but on the contrary it was specially requested that the cause be dismissed *with* prejudice. The chancellor denied the motion to dismiss and the complainant has appealed from that order.

The first question raised on the appeal is whether or not the order of the court finding the equities to be with the complainant and decreeing that the property involved was held in trust by the defendant for the complainant is an interlocutory or a final decree. In the case of Hirsch v. Scott, 87 Fla. 336, 100 So. 157, interlocutory orders or decrees were defined as such as are given in the middle of a cause, upon some plea, proceeding, or default which is only intermediate, and does not finally determine or complete the suit. On the other hand, when a decree decides the right to the property in contest and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant

and the complainant is entitled to have such decree carried immediately *into execution,* it is a final decree, but where anything remains to be done which may be the subject of later exception or appeal the decree is not regarded as final. Bellamy v. Bellamy, 4 Fla. 242; Perkins v. Fourniquet, 6 Howard 206; 12 L. Ed. 406; Pulliam v. Christian, 6 Howard 212; 12 L. Ed. 408. A decree is not a final decree which does not dispose of the whole matter in controversy between the parties. Barnard v. Gibson, 7 Howard 650, 12 L. Ed. 857.

Considering the decree as interlocutory only, we would be required to decide whether or not the complainant was entitled as of right to dismiss his bill with prejudice, thus ending the litigation by a final decree which would be *res adjudicata* as to the matter in controversy and leave the defendants with the land concerning which the declaration of trust was sought. No affirmative relief was prayed in the answer which concluded with the formal prayer that the defendants be "hence dismissed". Because of this the complainant claims that as a matter of right he was entitled to dismiss his bill with prejudice, even after an interlocutory order finding the equities in his favor.

In Daniels Chancery Plead. & Prac. (5th Ed.) page 757, it is held that where a decree merely directs accountings and inquiries in order to enable the court to determine what is to be done, plaintiff may dismiss his own bill. In U. S. Harness Co. v. Graham, 288 Fed. 929, it seems to have been rcognized that under the Federal Equity practice the plaintiff has a right to dismiss his bill with prejudice, even after an interlocutory order has been entered finding the equities in favor of the complainant.

But the appellees in this case insist that the decree which was entered by the court as hereinbefore referred to was a final decree, the entry of which became a matter

*res adjudicata* between the parties and that after its entry the complainant had no right to ask for the dismissal of the bill because of the rights acquired under the decree by the defendants.

The object and prayer of the bill of complaint was that the defendants Hazel Rasmussen and E. L. Rasmussen should be declared to hold the property in trust for the use and benefit of the complainant and that said defendants should be required to release and convey to the complainant all the interest that they had acquired in said land and in addition thereto that the said defendants should be required to account to the complainant for all sums of money for rental, use, or other returns received from said premises, or any part thereof, as well as for their acts and doings in the premises.

The sum of $1750.00 was deposited in the registry of the court by the complainant at the time the suit was instituted in order that the complainant might place himself in the position of doing equity toward the defendants with reference to the relief sought in his bill, which relief was of the nature hereinbefore stated. Due to the lapse of time and changed conditions, it appears that after the making of the order finding the equities with the complainant and directing the accounting that the complainant reached the conclusion that he no longer desired the relief sought by his bill and therefore sought to dismiss the same *with prejudice*. The effect of such dismissal would, of course, result in a denial of all the relief sought by the complainant and the return of the $1750.00 which the complainant had deposited in the registry of the court at the time of the institution of the suit.

It is with reference to the disposition of this $1750.00 that the main controversy over the right of the complainant to dismiss his bill with prejudice, over the objection of the defendant, now seems to exist. The complainant in the court below not only asked the dismissal of the

suit, but the return to him of this sum of $1750.00. The denial of this request gave rise to the present appeal, which is, strange as it may seem, an effort by the complainant in an equity suit who having won a decree in accordance with the prayer of his own bill of complaint, now seeks to have such decree set aside and another decree substituted to the effect that the suit which he had won was thereafter to be considered as a suit in which a decree against him should be entered on the merits. This, of course, will leave the defendants with the land discharged of any trust and result in the re-delivery to the complainant of the sum of money deposited in the registry of the court as his offer to do equity.

Considering the object of the suit and the prayer of the bill, it appears that the decree appealed from should be construed as an interlocutory one directing accountings and inquiries in order to enable the court to determine what was to be done with regard to the principal object of the suit, which was to compel a conveyance of the land to the complainant upon his doing equity to the defendant. An order of this kind was obviously necessary in order to enable the court to sustain and fix the proper basis of the equity which the complainant would be required to do for the benefit of defendant as a prerequisite to a decree against the defendants that defendants should convey the land in question to the complainant.

Thus construed, it appars that under the rule laid down in Daniels Chancery Plead. & Prac. (5th Ed.) *supra,* and U. S. Harness Co. v. Graham, *supra,* the complainant must be deemed to have had the right to dismiss his bill with prejudice, even after the entry of the interlocutory order referred to finding the equities in favor of the complainant and directing the taking of an account. The defendants strenuously object to the dismissal, and as a basis for their contention urge that they had acquired vested rights in the accounting which had been ordered by the

court, but the accounting in question was ordered by the court in response to the prayer of the complainant and was for the benefit of the complainant. Its object was to afford evidence of how much the complainant should be required to pay in order to do equity toward the defendants and obtain a compulsory conveyance of the lands which it was alleged the defendants held in trust for complainant's benefit. The order made was in its nature interlocutory and not such as finally foreclosed the right of the complainant to abandon his suit, withdraw his deposit and allow a decree to pass against him which was in exact accordance with defendants' contentions asserted in their answer to the effect that the bill should be ''hence dismissed''.

For the reasons pointed out, it was error for the chancellor to deny the motion to dismiss the bill of complaint with prejudice. The motion for dismissal of the bill being allowable, the motion for the return of the $1750.00 should also have been granted. The order appealed from is therefore reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.