CHARLES S. CONE, *et al.,* v. LOTTIE K. BENJAMIN, Individually, etc., JOE W. DAVIS, Individually; MARYLAND CASUALTY COMPANY, ROYAL INDEMNITY COMPANY, GLOBE INDEMNITY COMPANY, *et al.*

195 So. 416
En Banc
Opinion Filed April 12, 1940

*James H. Finch, H. H. Wells, Tage Joranson,* Chicago, Ill., *Harry Hamill,* Chicago, Ill., and *Edward Schart,* Chicago, Ill., for Petitioners;

*Joe W. Davis,* in proper person, *McKay, Macfarlane, Jackson & Ferguson* and *Raney & Raney,* for Respondents.

CHAPMAN, J.—The record here discloses that Charles

S. Cone, *et al.,* on January 25, 1940, filed in this Court a petition for a writ of certiorari, seeking a review of an order dated July 26, 1939, made and entered by the Circuit Court of Pinellas County, Florida, dismissing an amended bill of complaint for want of equity against: (a) John W. Davis, as an individual; (b) Royal Indemnity Company; (c) Globe Indemnity Company; (d) Maryland Casualty Company. On February 5, 1940, the respondents last named, through counsel, filed in this Court a motion to dismiss the petition for writ of certiorari on grounds: (a) that the brief in support of the petition for writ of certorari failed to conform to the provisions of Rule 20 of the Supreme Court of Florida, as amended November 5, 1930; (b) that the decree dated July 26, 1939, sought to be reviewed by writ of certiorari is a final decree and is reviewable only by appeal and that a writ of certiorari is issued to review interlocutory orders only under Rule 34 of the Supreme Court; (c) that the petition for writ of certiorari and transcript of the record and supporting briefs were not properly served upon counsel for the respondents in certiorari.

This Court entered an order granting the motion to dismiss the petition for writ of certiorari unless the petitioners should within fifteen days comply with the rules of this Court as to the preparation of briefs and that the respondents be granted fifteen days after receipt of a copy thereof to reply thereto. Briefs for petitioners were filed in conformity with the order dated February 5, 1940, and on February 14, 1940, respondents filed their petition for a rehearing and insisted therein that the Court failed to consider the second ground on the motion to dismiss the petition for writ of certiorari, which ground is, viz.: The order sought to be reviewed by writ of certiorari is a final

decree and can be reviewed only by an appeal as provided by statute and is not an interlocutory decree reviewable by certiorari under Rule 34 of the Supreme Court of Florida.

Briefs were filed by the parties in conformity with the order of this Court under date of February 19, 1940, and the question here for decision is whether or not the order dated July 26, 1939, sustaining separate motions to dismiss, for want of equity, on the part of (1) Joe W. Davis, as an individual; (2) Royal Indemnity Company; (3) Globe Indemnity Company; (4) Maryland Casualty Company, is an interlocutory or final decree.

The record shows there were several defendants other than these respondents, in fact, some twenty-odd defendants, and many of these had not filed a pleading to the amended bill of complaint when the orders assigned as error here were entered.

The rule adopted by this Court in distinguishing between interlocutory and final decrees is that in a final decree the litigation is concluded and there remains nothing more to be done in the cause as distinguished from beyond the cause. A final decree decides and disposes of the case on its merits and no questions remain open for judicial determination. An interlocutory order or decree is one which leaves some question in the case open for future judicial determination. See State *ex rel.* Everette v. Petteway, 131 Fla. 516, 179 So. 666; Heverle v. Rasmussen, 103 Fla. 76, 137 So. 259; Hirsch Co. v. Scott, 87 Fla. 336, 100 So. 157; Banks v. Guinyard, 63 Fla. 334; 58 So. 329; Johnson v. Johnson, 91 Fla. 275, 107 So. 342; State *ex rel.* Reynolds v. White, 40 Fla. 297, 24 So. 160; Owens v. Forbes, 9 Fla. 325; Bellamy v. Bellamy, 4 Fla. 242. A decree is not a final decree which does not dispose of the whole matter in

controversy between the parties. See Barnard v. Gibson, 7 How. 650, 12 Law Ed. 857; 21 C. J., par. 822, pp. 642-3.

The record here shows a number of parties defendant and the order of dismissal affected only four of these several defendants and the order of dismissal was not a final decree on the merits but at the most dispensed with the necessity of the four defendants from defending further the merits of the controversy. It cannot be said that these orders of dismissal, in light of the authorities, *supra,* disposed of the entire controversy on its merits. The orders of dismissal were nothing more than interlocutory. orders.

The order of this Court on the petition of respondents to dismiss the petition for a writ of certiorari is reaffirmed and fifteen days are hereby granted counsel for respondents in which to file brief or briefs in opposition to the issuance of a writ of certiorari.

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN, and BUFORD, J. J., concur.

THOMAS, J., dissents.