FIRST NATIONAL BANK OF TAMPA, as Ancillary Administrator, *cum testamento annexo* of the Estate of Percy A. Rockefeller, Deceased, and NATIONAL CITY BANK OF NEW YORK and AVERY ROCKEFELLER, as Trustees Under the Last Will and Testament of Percy A. Rockefeller, Deceased, vs. MYRTLE M. CULBREATH, Clerk Circuit Court, and JAMES M. BURNETT, as Tax Collector; TOM J. LANDRUM, Intervener.

198 So. 199
En Banc
Opinion Filed October 4, 1940
Rehearing Denied October 30, 1940

D. C. *McMullen* and *Neil C. McMullen*, for Petitioners;
*John M. Allison*, for Respondents;
*Tom J. Landrum, in Propria Persona.*

CHAPMAN, J.—On petition for writ of certiorari it was made to appear that Percy A. Rockefeller in 1924 acquired certain described lands situated in Hillsborough County, Florida, and paid taxes thereon to and including the year 1934, but declined or refused, because of the excessive valuations of said lands for the years 1935 to 1939, inclusive, to pay the excessive and discriminatory assessments, and on November 9, 1939, filed his bill of complaint in the Circuit Court of Hillsborough County in which he prayed for an adjudication of the excessive and discriminatory assessments for the omitted years. The bill of complaint was filed under Section 1038 C. G. L.

The Clerk of the Circuit Court and Tax Collector of Hillsborough County filed answers to the bill of complaint; testimony was taken in support of the material allegations of the pleadings, and on the 24th day of June, 1940, the Circuit Court of Hillsborough County entered an order holding that the assessments on the lands for the described years were excessive and discriminatory, and fixed the proper valuation in the same order, and allowed the legal representative of the owner thirty days after June 24, 1940, in which to pay the taxes for the omitted years.

On July 8, 1940, Tom J. Landrum filed an amended petition for intervention in said cause and in the said petition it was made to appear that the said Tom J. Landrum had

such an interest in the subject matter of the suit, under the provisions of Chapter 18368, Acts of 1937, Laws of Florida, which the lower court concluded authorized it in making and entering an order authorizing the petitioner to intervene, and said order was dated July 13, 1940.

On July 23, 1940, a petition for certiorari was filed in this Court praying for a review of the interlocutory order dated July 13, 1940, in which the said Tom J. Landrum was permitted to intervene under the provisions of Chapter 18368, *supra.* It is contended in the petition for writ of certiorari that Chapter 18368, *supra,* is unconstitutional, null and void and the lower court, in its order of July 13, 1940, held said Act constitutional and in the order permitting the petition for intervention it was recited that Tom J. Landrum, the petitioner, had incurred abstract charges and clerk's costs totaling $71.30 under the provisions of Chapter 18368 and was entitled to a reasonable attorney's fee for services rendered in connection with the lands described in the final decree and incurred under the provisions of Chapter 18368.

Section 1038 C. G. L. confers on courts of chancery the power to pass upon excessive and discriminatory tax assessments and to render decrees setting aside the excessive and discriminatory assessments, in whole or in part, that appear to be contrary to law. See Arundel Corporation v. Sproul, 136 Fla. 167, 186 So. 679, at text page 174, where this Court said:

"It is fundamental that all property should bear its just burden of taxation. If property owned by a person is assessed for taxation while property of other persons, having the same classification and subject under the law to be assessed for taxes and the assessing officer systematically, intentionally and purposely omits from the assessment roll the property, it operates as a denial of the equal protection of the law and the property owner who has been discrimi-

nated against has a remedy. See Folsom v. Bank of Greenwood, 97 Fla. 426, 120 So. 317; Folsom v. Bank of Malone, 97 Fla. 433, 120 So. 319; West Virginia Hotel Corp. v. W. C. Foster Co., 101 Fla. 1147, 132 So. 842."

The power of the court to enter the final decree is not challenged on the record, but the power of the court to make and enter an order dated July 13, 1940, permitting and allowing an intervention on the part of Landrum under the provisions of Chapter 18368 is called into question. We do not think it necessary for a determination of this case to pass upon the constitutionality of Chapter 18368, Acts of 1937, as it is contended for in the petition for writ of certiorari.

The decree dated June 24, 1940, holding the amount of the assessments on the property described in the bill of complaint as excessive and discriminatory, is a final decree within the meaning of the previous decisions of this Court. In the case of Cone v. Benjamin, 142 Fla. 604, 195 So. 416, when considering the question of whether or not a certain decree was final, language was used viz.:

"The rule adopted by this Court in distinguishing between interlocutory and final decrees is that in a final decree the litigation is concluded and there remains nothing more to be done in the cause as distinguished from beyond the cause. A final decree decides and disposes of the case on its merits and no questions remain open for judicial determination. An interlocutory order or decree is one which leaves some question in the case open for future judicial determination. See State *ex rel.* Everette v. Petteway, 131 Fla. 516, 179 So. 666; Heverle v. Rasmussen, 103 Fla. 76, 137 So. 259; Hirsch Co. v. Scott, 87 Fla. 336, 100 So. 157; Banks v. Guinyard, 63 Fla. 334, 58 So. 229; Johnson v. Johnson, 91 Fla. 275, 107 So. 342; State *ex rel.* Reynolds v. White, 40 Fla. 297, 24 So. 160; Owens v. Forbes' Adm'rs., 9 Fla.

325; Bellamy v: Bellamy, 4 Fla. 242. A decree is not a final decree which does not dispose of the whole matter in ·controversy between the parties. See Barnard v. Gibson, 7 How. 650, 12 L. Ed. 857; 21 C. J., par. 822, pp. 642-3." See Bancroft v. Allen, 138 Fla. 841, 190 So. 885.

The chancellor below, at the time of making the order allowing intervention, had before him and bottomed his ruling on Section 9 of the 1931 Chancery Act, viz.:

"Section 9. Interventions.—Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion."

While it is true that Section 9, *supra,* grants authority to the court to make orders allowing intervention on the application of interested parties, the intervention shall be in subordination to and in recognition of, the propriety of the main proceeding and said order of intervention as contemplated must be made and entered during the progress of the case. It was not intended that a chancellor, in the exercise of discretion granted by Section 9, *supra,* should permit or allow intervention after the entry of a final decree. See Daugherty v. Latham, 139 Fla. 477, 190 So. 742; Ebersback Const. Co. v. Charles Ringling Co., 100 Fla. 1270, 131 So. 148; Peoples Bank v. Virginia Bridge & Iron Co., 94 Fla. 474, 113 So. 680; Smith v. Elliott, 56 Fla. 849, 47 So. 387.

In the case of Switow v. Sher, 136 Fla. 284, 186 So. 519, this Court again considered Section 9 of the 1931 Chancery Act and held that the discretion conferred must be exercised by the court "at any time during the progress of the case." It is fundamental that the progress of the case in the lower court ends· when the final decree is entered:

The petition for a writ of certiorari is granted and the order allowing intervention dated July 13, 1940, is hereby reversed without prejudice on the part of the intervenor to litigate his alleged cause of action. .

It is so ordered.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.